**E-FILED**
Friday, 21 July, 2006 02:35:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE PETERSEN,<br>Special Administrator of the<br>Estates of Jane Ann McGrath,<br>deceased, and Molly Morgan,<br>deceased, et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>UNION PACIFIC RAILROAD<br>COMPANY,<br><br>Defendant. | ) | No. 06-CV-3084<br><br>Consolidated with:<br>06-CV-3101, 06-CV-3102, and<br>06-CV-3107 |

ORDER

Before the Court is Plaintiffs Steven M. Walters and Gayla J. Walters' Motion for Order Compelling Discovery (d/e 101), Memorandum in support (d/e 102), Defendant's Response (d/e 114), and the Joint Status Report (d/e 117). The Court expresses its gratitude for the steps taken by the parties to move the discovery issues forward as highlighted by the Joint Status Report.

Based upon the Court's review, the following requests to produce remain at issue: 47, 63, 82, and 83.

Standard for Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be

flexible." Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). Remember, we are talking discovery, not admissibility at trial.

Analysis

Request to Produce #47: Produce a legible, complete copy of all records that document occasions on which any of the speed indicators identified above were installed, repaired, adjusted, calibrated, or replaced, for a period of two (2) years prior to the subject accident and continuing to the present day.

Defendant's objection sustained in part. This request to produce must be read in light of all Plaintiffs' similar requests involving speed indicators. See requests to produce 42 through 46 and Defendant's responses. Defendant is directed to produce records showing when the speed indicators were installed in the lead locomotive or cab car.

Request to Produce #63: Produce a legible, complete copy of all records that document occasions on which any of the event recorders identified above were installed, repaired, adjusted, calibrated, or replaced, for a period of two (2) years prior to the subject accident and continuing to the present day.

Defendant's objection sustained in part. This request to produce must also be read in light of all Plaintiffs' similar requests involving event records. See requests to produce 48 through 62 and Defendant's

responses. Defendant is directed to produce records showing the exact date of the installation of the event registers in the lead locomotive or cab car.

Request to Produce #82: Produce a copy of UP's Document Retention and Destruction Policy or equivalent, as it existed both at the time of the subject accident and at present day, setting forth UP's policy for the retention of documents and other materials but not limited to, crossing signal test reports, audio recordings of train dispatcher radio and telephone communications, video footage filed from moving trains, data from rail/highway grade crossing event recorders or equivalent, data from defect detectors; maintenance and repair records for track, signals, rail/highway grade crossings, locomotives and rolling stock; and e-mail messages.

Defendant's objection overruled. These policies are clearly relevant and must be produced.

Request to Produce #83: Produce unaltered copies of all e-mail messages in the possession of UP that relate to the subject crossing, accident train or crew, or subject accident in general.

Defendant's objections overruled. Electronically stored data is clearly discoverable.[1] If Defendant claims a privilege, an appropriate privilege log must be tendered to Plaintiffs.[2]

WHEREFORE Plaintiffs Steven M. Walters and Gayla J. Walters' Motion for Order Compelling Discovery (d/e 101) is ALLOWED in part and DENIED in part. Documents ordered to be produced herein to be tendered to Plaintiffs by September 1, 2006.

ENTERED July 21, 2006

s/ Byron G. Cudmore

________________________________________

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

[1] **Discoverable evidence includes electronic data such as e-mail. Byers v. Illinois State Police, 2002 WL 1264004 at 10 (N.D.IL, 2002)**

[2] **Privilege Log - see Rule 26(b)(5). The Court expects full compliance with the specifics of said Rule for any document withheld because of privilege or protection as trial preparation material.**