IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

MARIE PETERSEN, )
Special Administrator of the )
Estates of Jane Ann McGrath, )
deceased, and Molly Morgan, )
deceased, et al., )
 )
        Plaintiffs, )
 )
-vs- ) No.  06-CV-3084
 )
UNION PACIFIC RAILROAD ) Consolidated with:
COMPANY, ) 06-CV-3101, 06-CV-3102, and
 ) 06-CV-3107
        Defendant. )

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

<u>OPINION</u>

Before the Court is Plaintiffs' Motion to Modify the Discovery and Trial Schedule, Compel Oral and Written Discovery, and for Sanctions Against Defendant Union Pacific Railroad Company [149], Defendant's Memorandum in Opposition [163], and Plaintiffs' Reply [190] as ordered by the Court.  As an initial matter, the Court is disappointed in the lack of cooperation concerning discovery in this case.  Civility is a key to our profession - the practice of law.  It has always been the Court's opinion that

discovery in federal court is, as a general rule, to be self-effectuating and the Court is to only be involved when the parties cannot resolve valid differences pertaining to discovery. With that said, the Court addresses Plaintiffs' motion.[1]

## Standard for Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). ". . . if there is an objection the discovery goes

---

[1] **The Court is aware Defendant has filed numerous motions for protective order to quash notices of discovery depositions: [164] [166] [168] [170] [172] [174] [176] [178] [180] [182] [184] [186] [188].**

beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible."  Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v.

Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). Remember, we are talking discovery, not admissibility at trial.

## Analysis

The primary concern of Plaintiffs in their motion [149] involves a need to receive a full and complete copy of the transcription of the dispatcher's recording and a true and accurate and complete copy of the dispatcher's emergency handbook. Those items are clearly relevant to this litigation and Plaintiffs' request for an order to compel same is allowed. Defendant to provide full, complete, and accurate copies of the above to Plaintiffs on or before July 2, 2007.

The Court agrees with Plaintiffs that having full and complete copies of the above listed documents is a condition precedent to conducting a thorough examination of Dispatcher Toews. Therefore, the Court orders that Ms. Toews stand for a supplemental deposition. That deposition shall be a maximum of four (4) hours in length. Plaintiffs are prohibited from re-addressing any materials covered in Toews' prior deposition unless

Plaintiffs need the documentation listed above to re-inquire.  The Court orders that the supplemental deposition of Ms. Toews be held on or before July 16, 2007 at a location to be agreed upon by the parties.[2]

In relationship to Plaintiffs' request in motion [149] to be reimbursed for various travel costs, the Court declines to enter such an order.  However, consistent with Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, the Court orders Defendant to pay Plaintiffs' counsel Joseph B. Ori for his reasonable and customary attorneys' fees associated with counsel's time spent in preparing and presenting motion [149] and reply [190].  Plaintiffs to submit an affidavit of fees to the Court by July 2, 2007.  Defendant to file any objection / response to the fee affidavit by July 16, 2007.  The Court will enter an order with an exact dollar figure after review of the affidavit and response.

Plaintiffs' supplemental request in motion [149] to modify the discovery schedule is allowed.  The Court's Amended Scheduling Order [143] directed that non-expert / lay witness discovery depositions were to be concluded by June 15, 2007.  That date is hereby extended to August

---

[2]**The Court suggests the supplemental deposition be held at an agreed location in Illinois, and that Defendant pay the transportation costs of Ms. Toews to her supplemental deposition.  The Court presumes Ms. Toews is a current employee of Defendant.**

15, 2007.  All other deadlines in the Court's Amended Scheduling Order [143] remain in full force and effect.

WHEREFORE, Plaintiffs' Motion to Modify the Discovery and Trial Schedule, Compel Oral and Written Discovery, and for Sanctions Against Defendant Union Pacific Railroad Company [149] is ALLOWED in part and DENIED in part as set forth above.

ENTERED   June 22, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE