IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARIE PETERSON, Special Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, deceased, et al, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 06-CV-3084 ) |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court are Plaintiffs Steven and Gala Walters' Motion to Reconsider and/or for Clarification (d/e 229) (Motion to Reconsider) and Plaintiffs Marie Cimaglia and Jon Petersen's Motion Supplemental to Plaintiffs Steven Walters and Gayla Walters' August 15, 2007 Motion to Reconsider and/or for Clarification (d/e 232) (Supplemental Motion to Reconsider).  For the reasons set forth below, the Motion to Reconsider and the Supplemental Motion to Reconsider are denied.

On August 13, 2007, Defendant filed a Motion for Protective Order and/or Motion to Quash Notice of Deposition of Signal System Designee

(d/e 228) (Motion for Protective Order).  According to Defendant's Motion for Protective Order, Byron Sims, the attorney for Plaintiffs Steven and Gayla Walters, unilaterally scheduled the deposition of a signal system designee for 2:00 p.m. on August 15, 2007, which was the last day of discovery.  Defendant asserted that it was given notice only six days prior to the scheduled deposition.  According to Defendant, this conduct violated Local Rule 30.1 and this Court's Text Order, dated July 9, 2007.  Additionally, Defendant asserted that six day notice was not reasonable under the facts of the case as required by Fed. R. Civ. P. 30(b)(1) and that the proposed deposition would be unreasonably cumulative in violation of Fed. R. Civ. P. 26(b)(2)(C).

By Text Order, dated August 14, 2007, this Court allowed the Motion for Protective Order.  The Court held that Sims' conduct violated Local Rule 30.1 and this Court's Text Order, dated July 9, 2007.  The Court, noting the short time frame, ruled prior to receiving a response to the Motion for Protective Order.  The Court, however, granted Sims the ability to petition the Court to re-open the matter for good cause shown in an appropriate pleading filed before the close of discovery.

On August 15, 2007, Sims, on behalf of the Walters, timely filed the pending Motion to Reconsider. On August 17, 2007, without leave of Court, Plaintiffs Jon and Marie Peterson filed their Supplemental Motion to Reconsider. The Court will nevertheless consider the arguments raised by the Petersons, in addition to those raised by the Walters, in ruling on the request for reconsideration.

After reviewing the Motion to Reconsider and the Supplemental Motion to Reconsider, the Court believes that Sims has shown good cause for reopening the issue. The Court based its decision in the Text Order, dated August 14, 2007, on representations by Defendant that Attorney Sims unilaterally scheduled the designee deposition without first making a good faith effort to coordinate same with all opposing counsel. The documents now before the Court evidence a factual dispute on this issue. According to Sims, on July 25, 2007, he and the Petersons' attorney Joseph Ori met with acting defense counsel Harlan Harla and informed Harla "that they would like to schedule the depositions of two corporate designees pursuant to Federal Rule of Civil Procedure 30(b)(6)," including a designee regarding the signal system. <u>Motion to Reconsider</u>, p. 3. Sims further contends that on July 30, 2007, Ori requested that Harla cooperate

in scheduling the two designee depositions, at which time Harla "unequivocally refused to cooperate and schedule the depositions." Id. Sims further asserts that, on August 9, 2007, he contacted Defendant's attorney of record Thomas Jones regarding the designee depositions. According to Sims, "Jones reiterated Defendant's position as stated by Mr. Harla and their refusal to cooperate in the scheduling of the deposition." Id. Sims claims that, at this point, he was left with no option other than to file a Notice of Deposition of a signal system designee. Attorney Ori, states that he agrees with each of Sims' assertions. Supplemental Motion to Reconsider, ¶ 2. Defendant, however, characterizes Sims' assertions as "incorrect." Defendant's Response to Plaintiff's Motion to Reconsider and/or for Clarification (d/e 234), ¶¶ 18 - 20.

Given this factual dispute, the Court reconsiders the basis for its August 14, 2007, ruling. The Court, however, finds no need to disturb the outcome. Because the Court allowed the Motion to Quash based on Sims' alleged failure to coordinate with opposing counsel before unilaterally scheduling the designee deposition, the Court did not address Defendant's remaining arguments. On reconsideration, the Court finds Defendant's Fed. R. Civ. P. 31(b)(1) argument to be persuasive. Under Rule 31(b)(1), a

party desiring to take a deposition must give reasonable notice of the deposition to every other party to the litigation. It is undisputed that Sims' Notice to Take Deposition of Union Pacific Railroad Signal System Designee (d/e 226) was filed on Thursday, August 9, 2007. The deposition was set four business days later, on Wednesday, August 15, 2007, the date upon which discovery was set to close. The analysis in determining the reasonableness of notice is necessarily case-specific and fact-intensive. See In re Sulfuric Acid Antitrust Litigation, 231 F.D.R. 320 (N.D. Ill. 2005). "Obviously no fixed rule can be laid down because much will depend on the other circumstances of the particular case." 8A C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure: Civil § 2111 (1994). A fact to be considered is the time between the notice and the deposition, with an eye toward preparation and travel.

Under the facts of the instant case, the Court finds that the notice of deposition of a signal system designee was not reasonable as required under Fed. R. Civ. P. 31(b)(1). The Court notes the protracted discovery history of the case and the fact that the deposition was set for the

afternoon of the day that discovery closed, just four business days after notice was given.[1]  Additionally, this is a complex case, and under Fed. R. Civ. P. 30(b)(6), Defendant had the burden of identifying and designating the individual who would sit for the deposition.  Considering all of these factors, Defendant's request to quash is appropriate under Fed. R. Civ. P. 31(b)(1).  The Court need not resolve the factual dispute relating to any attempted coordination.

The Court also puts some weight on Defendant's arguments that a 30(b)(6) designee would be cumulative in light of the discovery and deposition history cited by Defendant (see d/e 234).  Plaintiffs have deposed Signal Maintainer Bill Whitlock and Signal Technician James Frawley in November of 2006.  The Court adopts the law cited by Defendant at page 5, d/e 234, as persuasive authority.  The Court sees no reason to re-open these discovery issues under these facts.  The Court exercises its discretion herein.  Fact discovery is closed.

---

[1] The Court notes that the Seventh Circuit, in an unpublished opinion, found no abuse of discretion in a similar case when a district judge refused to compel a deposition under the following scenario: notice of deposition sent July 18th by regular mail, notice of deposition received by opposing counsel on July 22nd for deposition to be held on July 25, the discovery cut-off day.  Lake v. Fairview Nursing Home, Inc., 1998 WL 446662  (7th Cir. July 15, 1998).

THEREFORE, Plaintiffs Steven and Gala Walters' Motion to Reconsider and/or for Clarification (d/e 229) and Plaintiffs Marie Cimaglia and Jon Petersen's Motion Supplemental to Plaintiffs Steven Walters and Gayla Walters' August 15, 2007 Motion to Reconsider and/or for Clarification (d/e 232) are DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   August 23, 2007

       FOR THE COURT:

                s/ Byron G. Cudmore
                _____
                BYRON G. CUDMORE
                UNITED STATE MAGISTRATE JUDGE