# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE PETERSON, Special Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, deceased, et al, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3084 |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court are Plaintiffs Marie Cimaglia and Jon Petersen's Request to Permit Entry Upon Land in the Possession and Control of Union Pacific Railroad Company Pursuant to Fed. R. Civ. P. 34(a)(2) (d/e 242) (Rule 34 Motion) and Amended Second Motion to Compel (d/e 243) (Motion to Compel). The instant case arises out of a collision between a Union Pacific freight train and a passenger vehicle that occurred on July 22, 2004, at the Cisco Road railroad crossing in Macoupin County, Illinois. For the reasons set forth below, the motions are allowed in part and denied in part.

A.  Rule 34 Motion

Plaintiffs Cimaglia and Petersen ask the Court to direct the Defendant to allow the entry of their experts, agents, and attorneys to the crossing at which the accident occurred for a distance in both directions along the tracks to include the entire approach circuits for the crossing (collectively, "the crossing area") for purposes of an inspection.  Cimaglia and Petersen request that they be allowed four hours to conduct the inspection, during daylight hours.  Cimaglia and Petersen seek complete and unimpeded access to inspect the crossing signal system, the crossing and right-of-way, and signal system documents.  Cimaglia and Petersen further request that a representative of Defendant be present to (1) open closed and locked components and equipment, (2) operate/activate the crossing signal system, (3) enable the recording of serial numbers and photographing of components and equipment of the crossing signal system, and (4) provide a download of all available data from event recorders and other components and equipment of the crossing signal system.  Cimaglia and Petersen request that Defendant make available at the inspection originals, with copies for Plaintiffs, of all signal system documents at the crossing or in the crossing signal system on the date of the inspection and all signal

system documents that were at the crossing on the date of the accident. Cimaglia and Petersen also request that the recorder board that was removed from the crossing on the date of the accident be brought to the inspection, so that it can be installed into the crossing signal system for inspection and downloading. Cimaglia and Petersen ask that Defendant's personnel be directed to bring all equipment necessary to perform the download.

Defendant objects to Cimaglia and Petersen's request. According to Defendant, the request exceeds the scope of written discovery or mere entry upon land and is thus untimely because oral fact discovery has closed. Furthermore, Defendant, citing Fed. R. Civ. P. 26(c), asserts that the inspection would unreasonably disrupt rail operations. As set forth below, the Rule 34 Motion is allowed in part and denied in part.

Rule 34(a)(2) permits a party to serve on another party a request "to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." The Court notes at the outset that Defendant does

not dispute Plaintiffs' assertion that the crossing area constitutes land in Defendant's possession or control. Thus, the request for access falls within the scope of Rule 34(a)(2), provided it comports with Rule 26(b). Rule 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party . . . ." The Court has discretion to limit discovery if it determines "that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source . . .; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

    The Court turns to the objections raised by Defendant. Defendant first asserts that the request that Defendant provide a representative to perform certain functions during the inspection implicates oral discovery, which has closed. The Court disagrees. Cimaglia and Petersen do not ask that the representative testify or make any statements under oath. The conduct contemplated is not within the scope of oral discovery and is, for the most part, reasonably related to the inspection, as will be discussed

infra.  Defendant fails to show that the request is untimely under the applicable scheduling order.

Defendant further asserts that the request would unreasonably disrupt rail operations in that Defendant would necessarily be required to halt rail traffic for the duration of the inspection, thus resulting in undue burden and expense.  As previously noted, this Court has discretion to limit discovery if the discovery sought is obtainable from some other source or if the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).  Given the facts and circumstances of the instant case, it is clear that some inspection of the accident site is warranted.  However, several limitations must be imposed on Plaintiffs' request in order to comport with Rule 26(b).  The Court addresses each request in turn.

Plaintiffs assert that the inspection will be conducted with appropriate traffic security for highway traffic.  Rule 34 Motion, p. 3, § IV. Manner of Inspection, ¶ 1.  Defendant argues that it will incur undue expense in that its employees will be required to flag traffic during the inspection. Defendant's Response to Plaintiffs' Request to Permit Entry upon Land in the Possession and Control of Union Pacific Railroad Company Pursuant

to Fed. R. Civ. P. 34(a)(2) (d/e 246) (Defendant's Response), p. 3. Plaintiffs' Rule 34 Motion does not request that Defendant be directed to provide employees to flag highway traffic, and the Court will not order Defendant to do so. Plaintiffs are required to provide appropriate traffic security for highway traffic during the inspection at their expense. The Court will discuss rail traffic infra.

Plaintiffs request a representative of Defendant to be present to perform the following: (1) open closed and locked components and equipment, (2) operate/activate the crossing signal system, (3) enable the recording of serial numbers and photographing of components and equipment of the crossing signal system, and (4) provide a download of all available data from event recorders and other components and equipment of the crossing signal system. Rule 34 Motion, p. 3-4, § IV. Manner of Inspection, ¶ 2. The first three requests are reasonable incident to the inspection and Defendant is directed to provide a representative to perform these functions. Furthermore, to the extent that the data requested in the fourth request is relevant and stored on-site, the fourth request is reasonable as well. Rule 34(a)(1) specifically contemplates the translation of electronically-stored information into a "reasonably usable form." Thus,

Defendant is also directed to arrange for an employee to be on-site during the inspection to provide a download of all available date from event recorders and other components and equipment of the crossing signal system that is stored on-site.

Plaintiffs request that Defendant make available at the inspection all signal system documents that are at the crossing or in the crossing signal system on the date of the inspection.  Rule 34 Motion, p. 4, § IV. Manner of Inspection, ¶ 4.  Defendant does not challenge the relevance of these documents, and the Court finds the request for document inspection to be reasonable.  Plaintiffs also request that Defendant be directed to provide them with copies of these documents.  This request goes too far.  Defendant must make the documents available for inspection and copying; Defendant need not provide the copies.  Fed. R. Civ. P. 34(a).  If Plaintiffs wish to make copies of the documents stored on-site, they should make arrangements to do so during the inspection.

Plaintiffs also request that Defendant make available at the inspection all signal system documents that were at the crossing on the date of the accident.  Rule 34 Motion, p. 4-5, § IV. Manner of Inspection, ¶¶ 5,8.  This request is overbroad.  To the extent that any such documents

have been removed from the site of the crossing, Plaintiffs fail to explain the necessity of returning them to the site. Plaintiffs may examine all signal system documents that were at the crossing on the date of the accident, but Defendant is not obligated to make them available at the site. Defendant may produce the documents for inspection either as they are kept in the usual course of business or organized and labeled to correspond with the categories of the request. Fed. R. Civ. P. 34(b)(I). Plaintiffs also request that Defendant be directed to provide them with copies of the documents at issue. Once again, such a request does not comport with the federal discovery rules and will not be allowed. Defendant need only produce the requested documents for inspection and copying by Plaintiffs; it need not provide Plaintiffs with copies.

Plaintiffs request that the recorder board that was removed from the crossing on the date of the accident be brought to the inspection and installed into the crossing signal system for inspection and downloading, and ask that Defendant provide all equipment necessary to perform the download. Rule 34 Motion, p. 4, § IV. Manner of Inspection, ¶ 6. Defendant specifically challenges this request. According to Defendant, this downloading and inspection of the recorder board can be conducted at

an off-site location. Assuming Defendant's representation is accurate, the Court sees no reason for the downloading to be conducted at the crossing site as a part of the inspection. Plaintiffs will be allowed to inspect the recorder board and to download the information it contains, but not as a part of the on-site inspection. Defendant is directed to provide equipment necessary to perform the download to allow for the translation of the electronically-stored information into a "reasonably usable form." Fed. R. Civ. P. 34(a)(1).

Finally, Plaintiffs state that they wish to conduct a survey of the crossing area as a part of their inspection. Rule 34 Motion, p. 5, § IV. Manner of Inspection, ¶ 7. Surveying is expressly permitted under the scope of Rule 34(a)(2) and will be allowed in this case.

Defendant asserts that the requested inspection in general would unreasonably delay Union Pacific and Amtrak rail traffic. In support of its argument, Defendant has presented a daily Amtrak schedule for the crossing, which reveals that there is no four-hour period during daylight hours in which passenger trains do not pass through the crossing area. Defendant's Response, Ex. A. Plaintiffs contend that they are willing to conduct their inspection so as to not interrupt rail traffic as long as

Defendant provides a person to insure compliance with worker on track safety standards. <u>Rule 34 Motion</u>, p. 4, § IV. Manner of Inspection, ¶ 3. Defendant argues that this is not feasible. Because the Court has determined that several of Plaintiffs' requests are not within the scope of an on-site inspection, the Court believes that the length of the inspection can be shortened. Based on the information before the Court, the Court finds that a two-hour period to conduct the on-site inspection is reasonable. This time frame can be accommodated within the Amtrak schedule that has been provided. Defendant has not provided a schedule or any specific information regarding freight train travel. Defendant, in its discretion, may halt rail traffic during the inspection or may provide a representative to insure compliance with worker on track safety standards. In either event, Defendant must ensure that Plaintiffs' agents receive two hours of complete and unimpeded access to the crossing area. As the Court has previously determined, Plaintiffs will be responsible for providing appropriate traffic security for the highway traffic during this period.

    B.  Amended Second Motion to Compel

    Plaintiffs Cimaglia and Petersen have filed a Motion to Compel pursuant to Fed. R. Civ. P. 37, arising out of their Supplemental Combined

Interrogatories and Request for Production Directed to Defendant Union Pacific Railroad Company.  See Motion to Compel, Ex. A.  The Supplemental Combined Interrogatories and Request for Production were served May 22, 2007 and contained 47 interrogatories and requests.  Defendant filed a timely response, objecting to 33 of the interrogatories and requests.  The parties agree that, following several Rule 37 conferences, several of the issues have been resolved.  Plaintiffs' Motion to Compel seeks court action relating to the requests found in five paragraphs upon which the parties are unable to reach an agreement.[1]  The Court addresses each paragraph in turn.

In ¶ 8, Plaintiffs sought a detailed chain of custody for each "physical download taken from the locomotives, crossing and defect detectors 'hot box' following the occurrence from each and every event recorder" and any documents to support the response.  Motion to Compel, p. 3.  Defendant responded by setting forth information relating to downloads from the locomotives and recorder board.  Id.  Plaintiffs claim that Defendant's

---

[1] The Court notes that the Motion to Compel alludes to discovery violations relating to ¶¶ 40-43 of the Supplemental Combined Interrogatories and Request for Production.  Motion to Compel, p. 8.  According to the Motion to Compel, these paragraphs will be the subject of a subsequent motion for sanctions.  No such motion has been filed by Plaintiffs Cimaglia and Petersen.  Because the Motion to Compel seeks no relief relating to these paragraphs, the Court will not address them at this point.

response is incomplete and question whether they have received a copy of the original download printout. Plaintiffs first question the fact that the download printout that they received shows that "at least five trains crossed the subject crossing within 45 days prior to the subject occurrence with warning times below the minimum 20 seconds mandated by F.R.A." <u>Motion to Compel</u>, p. 4. Plaintiffs note that Illinois Commerce Commission employee Mitch Hibschman's report indicates that he "reviewed the download on Mr. Frawley's computer and noted there were no warning time events less than the FRA minimum." <u>Motion to Compel</u>, Ex. C, at 544. Hibschman's report, however, does not set a time frame for his observations, and the Court notes that the remainder of his report focuses on data recorded only on July 22, 2004, not for an extended period prior to the accident. Plaintiffs fail to show an inconsistency.

Plaintiffs further assert, without record support, that Defendant makes it a policy for the Signal Technician to sign the original printout of the download. Plaintiffs contend that they have never received a copy of the original download printout that was signed and dated by Defendant employee Frawley. Plaintiffs, however, fail to provide any evidence to show that such a document exists or existed at one time. Frawley was

deposed, and upon questioning by defense counsel, Frawley authenticated under oath the copy of the download that had been provided to Plaintiffs. <u>Defendant's Response to Plaintiffs' Amended Second Motion to Compel (d/e 245) (Defendant's Response to Motion to Compel)</u>, Ex. H, <u>Deposition of James Frawley</u>, p. 166-67.  Thus, to the extent Plaintiffs seek to compel the production of a different download printout, their motion is denied.

Paragraph 8 also requests production of "any and all documents, lists, charts, memoranda and notes in support of said response." <u>Motion to Compel</u>, p. 3.  Defendant's response fails to address this request. Defendant is directed to respond in compliance with Rule 34(b).  Defendant is directed to produce the supporting documents or make a written objection to the request.

In ¶ 9, Plaintiffs asked Defendant to provide, for inspection, the computer or computers used by employee Roger Cocker at any time in obtaining, creating, viewing, converting, transferring or printing downloads from all data recorders at issue and to provide a copy of the hard drive downloads.  Defendant objects to ¶ 9, asserting that Defendant no longer has the computer, because it was returned to a vendor in November 2006. Defendant further asserts that it has provided Plaintiffs with a copy of the

hard drive download from Cocker's laptop.  <u>Defendant's Response to Motion to Compel</u>, p. 7.  Under the circumstances of this case, Defendant need not produce the computer.  Defendant disposed of the computer several months prior to Plaintiffs' request to produce.  There has been no showing that Defendant knew or should have known that the computer itself was of significance, particularly given the fact that the download had been permanently saved to a server.  Thus, the Motion to Compel is denied concerning this respect.  However, the Court directs Defendant to provide Plaintiffs with the identity, address and contact information of the vendor to which the computer was given.

In ¶ 10, Plaintiffs ask Defendant to "[p]rovide for inspection and use . . . the computer software program(s) utilized by Defendant Union Pacific Railroad in breaking down, reading, printing and analyzing any and all downloads from any and all data records [at issue]".  <u>Motion to Compel</u>, p. 5.  Defendant objects, stating that the software is subject to a licensing agreement that prohibits Defendant from releasing it.  Defendant has provided the Court with a copy of the relevant licensing agreement.  <u>Defendant's Response to Motion to Compel</u>, Ex. J.  The Court will not compel Defendant to release the software in violation of this agreement,

and Plaintiffs' request to compel on this basis is denied. However, Defendant must provide the information contained in the downloads to Plaintiffs in "a reasonably usable form." Fed. R. Civ. P. 34(a)(1). Thus, Defendant may be required to utilize the software itself to compile the download information into a form that can be read and analyzed by Plaintiffs.

In ¶ 12, Plaintiffs ask Defendant to

> [p]rovide the dispatch transcripts and audio recording from any and all conversations between any and all individuals that discussed the occurrence on the date of the incident or subsequent [sic] date of the incident, including, but not limited to the Corridor manager's recording and the RMCC [Risk Management Control Center] recording. For each transcript, state and identify each individual participating, listening or observing in each conversation or discussion and the time of each conversation or discussion.

Motion to Compel, p. 6. Defendant objects to the request as overbroad, burensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Defendant asserts that it has already provided Plaintiffs with a copy of the dispatcher's recorded conversation with the crew which would include any conversations with the dispatcher, corridor manager and any persons at RMCC. The Court agrees that the request as stated is overbroad. However, given Plaintiffs' evidence that

RMCC conversations are typically recorded, the Court directs Defendant to provide to Plaintiffs any audio recording of the corridor manager or RMCC that contains conversations regarding the collision in question, or to advise same has already been provided, or to state in writing that none exist. Moreover, Defendant correctly asserts that it need not create transcripts as requested in ¶ 12. However, to the extent that transcripts of the subject recordings are in Defendant's possession, Defendant should produce them if it has not already done so. If no transcripts exist, Defendant should give Plaintiff a written statement to that effect.

In ¶ 32, Plaintiffs ask Defendant to provide the directive detailing Defendant's policy "to refuse to turn over hard copies of downloads to proper authorities" and any documents "precipitating said policy." Motion to Compel, p. 7. Plaintiffs further ask Defendant to "identify why in the instant matter Union Pacific Railroad refused to tender a copy of the downloads requested by Illinois Commerce Commission agent Mitch Hibschman." Id. Defendant objects to all of these requests. Defendant's response, however, fails to address whether a directive or policy as described exists. Thus, the Motion to Compel is allowed, in this respect. If such a directive or policy exists, Defendant is directed to produce it and any documents

precipitating said policy as requested.  If such a policy does not exist, Defendant should so state in writing.  Moreover, Defendant's response concedes that Hibschman requested a copy of the download when he visited the site the day after the collision.  Defendant fails to explain why it was not tendered, but rather expounds on responses that Hibschman made in May 2007 that he requested the download as a matter of course and did not need it for his report.  This is non-responsive.  Defendant is directed to respond, in compliance with Fed. R. Civ. P. 33(b), to Plaintiffs' request to "identify why in the instant matter Union Pacific Railroad refused to tender a copy of the downloads requested by Illinois Commerce Commission agent Mitch Hibschman."

   Plaintiffs seek attorney's fees incurred in reviewing and researching Defendant's objections to their Supplemental Combined Interrogatories and Request for Production and for prosecuting the instant Motion to Compel.  Under Rule 37(a)(4)(c), when a Rule 37 Motion is allowed, in part, and denied, in part, the Court "may, after affording opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."  Given the circumstances of the instant case and the disposition of the pending Motion to Compel,

the Court finds that an award of attorney's fees is not appropriate at this point.

THEREFORE, Plaintiffs Cimaglia and Petersen's Request to Permit Entry Upon Land in the Possession and Control of Union Pacific Railroad Company Pursuant to Fed. R. Civ. P. 34(a)(2) (d/e 242) is ALLOWED, in part, and DENIED, in part, as set forth above.  Defendant is directed to allow Cimaglia and Petersen's experts, agents, and attorneys access to the crossing area, the crossing signal system, and on-site signal system documents as set forth above for a two-hour period during daylight hours for purpose of an inspection within sixty days of the date of this order. Plaintiffs Cimaglia and Petersen's Amended Second Motion to Compel (d/e 243) is ALLOWED, in part, and DENIED, in part, as set forth above. Defendant is directed to provide the supplemental discovery required under this order to Plaintiffs on or before November 28, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:   November 1, 2007.

                                      s/ Byron G. Cudmore
                                _____
                                    BYRON G. CUDMORE
                           UNITED STATE MAGISTRATE JUDGE