IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE PETERSEN n/k/a MARIE CIMAGLIA, Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, deceased, et al., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3084 |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs Steven M. Walters and Gayla J. Walters' Objection to Order of Magistrate (d/e 264) (Objection). The Walterses object to the Opinion of United States Magistrate Judge Byron G. Cudmore entered November 13, 2007 (d/e 263) (Opinion). The Walterses filed a Motion for Sanctions (d/e 244) (Motion) because Defendant Union Pacific Railroad Company (Union Pacific) did not provide complete responses. Judge Cudmore ruled in the Opinion that

1

some of the omissions were improper. Judge Cudmore required Union Pacific to disclose the additional information, but denied the request for sanctions. The Walterses argue that Judge Cudmore committed clear error by placing the burden of proof on them to show that Union Pacific's omissions were material or that Union Pacific acted knowingly. The Walterses ask for oral argument on the Objection. The parties have thoroughly briefed the matter, and thus, oral argument is unnecessary. Judge Cudmore's allocation of the burden of proof was correct. Furthermore, the decision not to impose additional sanctions was not an abuse of discretion. Thus, the Objection is overruled.

The Plaintiffs, including the Walterses, seek damages for injuries and deaths that occurred in a collision between an automobile and a freight train at the Cisco Road railroad crossing (Crossing) in Macoupin County, Illinois. The Crossing was equipped with electronic warning signals. The Crossing was also equipped with a device called a Cellular Remote Terminal Unit (CRTU) that transmitted data from the crossing to Union Pacific headquarters. The Walterses propounded various discovery requests to secure plans of the warning signal system and any recorded data from the Crossing. Judge Cudmore evaluated Union Pacific's response to the requests

at issue in the Motion and, in some cases, found that Union Pacific's responses to the discovery requests were incomplete. Opinion, at 5-9. Union Pacific was directed to produce some additional information, including any data in its possession from the CRTU at the Crossing for the two years prior to the accident. Id., at 8.

  The Walterses also asked for the following sanctions:

  1. Entry of an Order prohibiting defendant from supporting its defenses by introducing evidence of the CRTU unit, the data produced by the CRTU unit, or any other recording device present inside the Crossing Control Case;

  2. Entry of and Oder [sic] allowing Plaintiffs to re-depose Union Pacific employees and representatives on any and all issues related to the CRTU;

  3. An order re-opening discovery on any and all issues related to the CRTU, its use, capabilities and programming;

  4. Instructing the jury of a presumption that the data contained in the CRTU unit was concealed in discovery and, had it been produced, would be favorable to and supportive of Plaintiffs' claims;

  5. Ordering a hearing be held to determine applicability of sanctions and submission of the issue of punitive damage issues;

  6. Entering an Order allowing Plaintiffs to amend their Petition to include a claim for spoliation and obstruction of justice;

> 7.   Assessment of appropriate attorney fees and costs, including all fees and costs for all CRTU related depositions, for any and all pleadings regarding these issues, and for any hearings on these issues; and
>
> 8.   For such other sanctions as this court deems just and appropriate.

Motion, at 9-10.

Judge Cudmore denied the request because the record did not establish that the omissions were material or that Union Pacific had acted knowingly:

> [T]he record reveals omissions in Defendant's responses to Plaintiffs' requests to produce. However, it is unclear at this point whether any of the omissions were material. Thus, the Court declines to impose sanctions at this time. Plaintiffs, however, are granted leave to renew their request, if after reviewing the supplemental discovery, they can demonstrate that the omissions were material or done knowingly.

Opinion, at 9-10. The Walterses then filed the Objection.

## ANALYSIS

Upon the filing of a timely objection, this Court reviews non-dispositive orders of the United States Magistrate Judge to determine whether the order was either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A factual finding is clearly erroneous, if on reviewing the evidence, this Court is "left with the definite and firm

4

conviction that a mistake has been committed." Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994).

The decision of whether to impose sanctions, however, is within the discretion of the Court. Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003). This Court, thus, will only reverse such a decision for an abuse of discretion. Imposing an improper burden of proof would be an abuse of discretion. Id.

The Walterses object because Judge Cudmore imposed the burden of proof on them to show that the discovery errors by Union Pacific were either material or done knowingly:

> The Magistrate correctly ruled that Union Pacific had filed false, incomplete or misleading discovery responses to various production requests filed of record by the Plaintiffs in this cause as set forth above. The Court however declined to impose any sanctions on the Defendant, while granting leave to Plaintiffs to renew their Request for Sanctions if they could demonstrate at some later date that any of the discovery omissions were material or done knowingly. It is this portion of the Magistrate's Ruling with which the Plaintiffs take issue.

Memorandum of Law in Support of Objection to Order of Magistrate (d/e 265), at 7. The Walterses argue that Union Pacific should be obligated to show that the discovery errors were not material and were not done knowingly. The Court disagrees.

Generally, the burden of proof is on the party seeking sanctions to show that the sanctions are appropriate. <u>Maynard</u>, 332 F.3d at 468; <u>Shepherd v. American Broadcasting Companies, Inc.</u>, 62 F.3d 1469, 1477-78 (D.C. Cir. 1995). A party seeking sanctions in a civil case normally must meet a preponderance standard to be entitled to relief. <u>Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Services Americas LLC</u>, __ F.3d__, 2008 WL 441758, at *2 (7th Cir. 2008); <u>Maynard</u>, 332 F.3d at 469; <u>Shepherd</u>, 62 F.3d at 1478.[1] Judge Cudmore, thus, did not err in placing the burden of proof on the Walterses. The Court sees no error.

The Walterses argue that sanctions are mandatory unless Union Pacific shows that the failure to produce material was harmless or substantially justified. Mandatory sanctions are only authorized in limited circumstances. A party that fails to make the mandatory disclosures required under Rule 26(a) cannot use the information that was improperly withheld unless the failure to produce was harmless or substantially justified. <u>Fed. R. Civ. P.</u> 37(c). A party that fails to respond to discovery requests at all (to the point that the propounding party is forced to file a

---

[1] It is unclear whether a party seeking dismissal as a sanction must meet a higher standard of proof. <u>Ridge Chrysler Jeep,</u>, 2008 WL 441758, at *2. The Walterses did not seek dismissal as a sanction in this case.

motion to compel to get any response) is required to pay attorney fees unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d).  The Walterses concede that Union Pacific was not required to disclose the omitted information under Rule 26(a).  Union Pacific also responded to the Walterses' discovery requests; Union Pacific objected to certain requests, and some of the responses were incomplete.  There was no total failure to respond.  The mandatory sanctions in Rule 37 do not apply.

The Walterses also argue that Judge Cudmore should have allowed them to re-depose Union Pacific employees or otherwise reopen discovery.  The Court cannot say that Judge Cudmore abused his discretion in rejecting this proposed sanction.  The record did not demonstrate to Judge Cudmore that Union Pacific had acted knowingly or that the omissions were material.  This Court has reviewed the record and concludes that Judge Cudmore's findings were not clearly erroneous.  There was no abuse of discretion in deciding not to require additional depositions, or to reopen discovery, based on information that has not yet been shown to be material, particularly when the record does not yet establish that Union Pacific acted knowingly.  In addition, Judge Cudmore gave the Walterses an additional opportunity

to renew their request to reopen discovery if the new information turns out to be material, or if they can show that Union Pacific acted knowingly. There was no abuse of discretion.

THEREFORE, the Objection to Order of Magistrate (d/e 264) is OVERRULED. The Opinion of United States Magistrate Judge Byron G. Cudmore entered November 13, 2007 (d/e 263) is affirmed.

IT IS THEREFORE SO ORDERED.

ENTER:   March 5, 2008

    FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                   UNITED STATES DISTRICT JUDGE