IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARIE PETERSEN n/k/a MARIE CIMAGLIA, Special Administrator of the Estate of Jane Ann McGrath, deceased, and Molly Morgan, deceased minor; JON PETERSEN as next friend of Katie Petersen, a minor, STEVEN M. WALTERS and GAYLA J. WALTERS, | |
| Plaintiffs, | |
| v. | No.  06-3084 |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | |
| Defendant. | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs' Motion to Reconsider (d/e 362) this Court's Opinion entered June 2, 2008 (d/e 352) (Opinion) allowing in part Defendant Union Pacific Railroad Company's (Union Pacific) Motion for Summary Judgment (d/e 283). The Motion is ALLOWED in part and DENIED in part.

1

The Plaintiffs first raise the issue of the audibility of the train horn. The audibility of the train horn was not at issue. The Plaintiffs' Complaints alleged that the Union Pacific personnel failed to sound the horn. <u>Plaintiff Marie Petersen Complaint (d/e 1)</u>, ¶ 10(d); <u>Plaintiff Jon Petersen Complaint (d/e 1)</u>, ¶ 9(d); <u>Plaintiffs Steven and Gayla Walters Complaint (Case No. 06-3102 (d/e 22), attachment 2)</u>, ¶ 13(e).[1] The Plaintiffs did not allege any defect in the horn or the audibility of the horn. The Court found that Union Pacific personnel properly sounded the horn. There is no basis to reconsider that decision.

Plaintiffs argue that the audibility of the horn is relevant to the comparative fault of Steven Walters. The comparative fault of Steven Walters was not at issue at summary judgment. The issue was whether the Defendant breached the duty to sound the horn properly, and the Court entered partial summary judgment in favor of Union Pacific that there was no breach of duty.

Plaintiffs next ask for reconsideration of the finding that Union Pacific

---

[1]These cases were removed from state court to the Northern District of Illinois and then transferred to this District under Case Nos. 06-3101, 06-3102, and 06-3107. The cases were consolidated under Case No. 06-3084. The Walterses' Complaint was filed under Case No. 06-3102, but was not included in the docket under consolidated Case No. 06-3084. The other Complaints were filed in the docket of the consolidated case.

2

employees kept a proper look out. The Court sees no basis for reconsideration. The Plaintiffs alleged that Union Pacific personnel failed to keep a proper lookout for vehicles. Marie Petersen Complaint, ¶ 10(a); Jon Petersen Complaint ¶ 9(a); Walters Complaint, ¶ 13(p). The Court entered partial summary judgment on this allegation in favor of Union Pacific. Plaintiffs now wish to assert that Union Pacific personnel failed to keep a proper lookout for signs of signal malfunctions. Plaintiffs did not plead this alleged breach of duty. Plaintiffs cannot amend their Complaint through their arguments at summary judgment. Speer v. Rand McNally & Co., 123 F.3d 658, 665 (7th Cir. 1997). There is conflicting evidence regarding whether the warning system at the crossing was working. The parties may present the conflicting evidence to the jury. But, Plaintiffs may not now assert a new duty and breach of duty not alleged in the Complaints.

The Plaintiffs ask for reconsideration of its claim that Union Pacific breached its duty to construct and maintain the crossing and tracks, resulting in a rough crossing. Defendants are correct that Plaintiffs Steven and Gayla Walters alleged this duty and breach of duty in their Complaint. Walters Complaint, ¶¶ 13(a), (k), & (n). Union Pacific did not seek

summary judgment on this claim in the summary judgment motion. See Union Pacific Motion for Summary Judgment (d/e 283), at 1-2 (identifying seven specific issues (a) through (g) addressed at summary judgment). The Plaintiffs, therefore, are correct that summary judgment has not been entered on this theory, and Plaintiffs can pursue the theory of Union Pacific's duty and breach of duty because the crossing was rough. The Opinion is reconsidered and revised to the extent that the Court indicated that the Plaintiffs could not pursue this theory. With respect to the testimony of Alex Blackwell on this issue, the admissibility of his opinion will be addressed in the pending Motion to bar his testimony (d/e 323).

    The Plaintiffs ask for reconsideration on the claim that vegetation obstructed driver Steven Walters' view of the oncoming train. The Plaintiffs are correct that their expert, Alan Blackwell, stated that he considered photographs taken shortly after the accident in 2004 in coming to his opinion. He opined, however, that vegetation was too long on the northwest and southeast quadrants of the crossing. The train in the accident approached the crossing from the south and the car approached from the west, so the condition of the vegetation on the northwest and southeast quadrants of the crossing were irrelevant. The vegetation did not

4

obstruct Steven Walters' view. The Court sees no basis for reconsidering its conclusion regarding the impact of the vegetation at the crossing.

With respect to the Plaintiffs' arguments concerning the remote monitoring device and the preemption of the issues regarding the installation of gates, the Court's decision was correct for the reasons set forth in the Opinion.

THEREFORE, the Motion to Reconsider (d/e 362) is ALLOWED in part and DENIED in part. The Plaintiffs may proceed on the additional theory that Union Pacific had a duty to maintain a smooth surface at the crossing and breached that duty. Union Pacific did not seek summary judgment on this claim and the Opinion did not address this claim. The Motion to Reconsider is otherwise denied. Plaintiffs are directed to respond to Union Pacific's pending Motions to bar expert testimony of David Lipscomb, James Loumiet, Archie Burnham, and Alan Blackwell (d/e 315, 322, and 323) by July 8, 2008.

IT IS THEREFORE SO ORDERED.

ENTER: July 2, 2008

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE