IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE PETERSON, Special Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, deceased, et al, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3084 |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiffs' Marie Cimaglia, Special Administrator of the Estate of Jane Ann McGrath, deceased, and Molly Morgan, a deceased minor, and Jon Petersen, as father and next friend of Katie Petersen, a minor, Motion to Compel Discovery and Motion for Sanctions (d/e 364), Defendant's Response (d/e 374), and Plaintiffs' Reply as ordered by the Court (d/e 389). Plaintiffs' Motion to Compel Discovery and Motion for Sanctions is allowed in part and denied in part. Defendant's request for fees as part of their response is denied.

BACKGROUND

At issue in the instant motion are facts arising from a handwritten note which stated in part:

> "7-23-04 Scott Gunter(cell 501-590-9230)-Union Pacific RR 12:35 pm
> Accident in Carlinville, Illinois (just Northeast of St. Louis).
> Crossing has flashing lights.  Conductor says they were working;
> **A witness says they were not.**
> Data recorder shows horn appropriate - track speed limit
> in area is 50 MPH.  2 deaths in van occupied by 5 people;
> driver has spinal injuries . . ."  *Id*. [emphasis added]

See d/e 364, p. 2.[1]

Plaintiffs claim that Defendant has failed to disclose the witness referenced in the handwritten note that stated the flashing lights were not in operation.  Plaintiffs spend substantial time and effort in d/e 364 explaining the steps they have recently taken through discovery to learn the identity of that witness.  From the Court's review of d/es 364, 374, and 389, the pertinent individuals from Defendant's perspective with knowledge of the handwritten note are Scott Gunter, Roy Reynolds, Steve Jackson, and Mike Rodriguez.  The Court has reviewed the discovery responses and the deposition transcripts of Roy Reynolds, Kimberly Maguire, Scott Gunter, Michael Rodriguez, and Phillip Kennedy attached to Plaintiffs' motion

---

[1]**Plaintiffs' received notice of this handwritten note on April 23, 2008 during the deposition of Defendant's expert witness Roy Reynolds.**

(d/e 364) and located no references to any eye witness other than Ms. Maguire.  The Court specifically reviewed the pertinent parts of deposition transcripts of Scott Gunter, Mike Rodriguez, and Roy Reynolds, and the affidavits of Mike Rodriguez and Scott Gunter attached to d/e 374.  The Court did not see in its review any deposition transcript of the deposition of Steve Jackson, who allegedly wrote the note based upon a telephone call from Scott Gunter.  The Court also did not see any records of cell phone calls or toll records from the cell phone of Scott Gunter (501/590-9230) verifying the date on which the call from Gunter was placed to Jackson.

Plaintiffs claim, that based upon the handwritten note, Defendant was aware of an eye witness on July 23, 2004 that said the flashing lights at the crossing were not functioning.   Defendant's response (d/e 374), and the attached affidavits therein show that from Defendant's perspective, the witness mentioned in the note "would have turned out to be Kimberly Maguire" (see d/e 374, p.1).

Plaintiffs state that Kimberly Maguire did not surface as a witness until a date after July 23, 2004, and therefore another eye witness must

exist. Plaintiffs have attached copies of an affidavit from Ms. Maguire and from a local law enforcement officer to support that claim.

ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.

The good-cause standard warranting broader discovery is meant to be flexible."   Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters.  Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001).  A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel

inadequate discovery responses. Packman at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial.

Herein, the Court presumed that Plaintiffs, represented by competent counsel, have fully explored this issue with written and oral discovery. Deposition transcripts of Gunter, Rodriguez, and Reynolds were attached for the Court to review. However, as previously noted, the Court did not see a transcript of a deposition of Steve Jackson, an important player herein. From the Court review of the deposition transcript of Rodriguez, it is clear that Plaintiffs did not hone in on, nor inquire about, eye witnesses (nor the handwritten note at issue herein).[2] The only pages wherein Rodriguez was questioned about his post-accident investigation are pages 90 and 91 of the transcript of Rodriguez. Nor did the Court see any evidence of records of telephone or toll call records from the cell phone of Scott Gunter, which Plaintiffs could have obtained through written discovery requests. There is simply too much uncertainty based upon the

---

[2] **The Court recognizes the handwritten note did not surface until a date subsequent to the Rodriguez deposition.**

respective positions of the parties to grant the various remedies sought by Plaintiffs in their motion to compel or to grant Plaintiffs' motion for sanctions. Defendant has disclosed who it states is the witness referred to in the note, being Kimberly Maguire. That disclosure came early on from Defendant to Plaintiffs and Defendant has been consistent that she is the eye witness at issue.

This issue concerning the "witness" mentioned in the handwritten note should be an issue for trial, an issue for cross-examination, and possibly an issue for impeachment.[3]

With that said, the Court grants Plaintiffs the opportunity to take the deposition of Steve Jackson on the limited issue concerning the handwritten note. The Court also grants the Plaintiffs the opportunity to take supplemental depositions of Mike Rodriguez and Scott Gunter, not to exceed four hours each, on the issue of the "witness" in the note. Said depositions to take place on or before August 15, 2008. The Court also directs the Defendant to produce to the Plaintiffs the toll / cell phone records of Scott Gunter for the entire month of July of 2004 (if same exists) and to provide the telephone number used by Steve Jackson to receive

---

[3]**The admissibility of this information at trial and Plaintiffs' request for jury instructions on these issues are for Judge Scott's consideration.**

calls in July of 2004, by August 8, 2008.  These final discovery steps, which the Court sees as missing at this time, should help ensure a fair discovery process herein for all parties.

WHEREFORE Plaintiffs' Motion to Compel Discovery and Motion for Sanctions (d/e 364) is ALLOWED ONLY IN PART.  Fees are not assessed.  Should the depositions and written discovery allowed shed additional probative light, Plaintiffs can renew their requests for relief sought by their motion (d/e 364).

IT IS THEREFORE SO ORDERED.

ENTER:   July 25, 2008.

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE