IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE PETERSON, Special Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, deceased, et al, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3084 |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court is Defendant's Re-Asserted Motion to Exclude the Testimony of Wilfred Farnham as a Discovery Sanction (d/e 344) (Motion to Exclude). This case arises out of a collision between a Union Pacific freight train and a passenger vehicle that occurred on July 22, 2004, at the Cisco Road railroad crossing in Macoupin County, Illinois. Defendant asks the Court to exclude the testimony of Plaintiffs' proffered expert Wilfred Farnham as a sanction for alleged discovery violations and alleged violations of this Court's Order (d/e 296), dated April 9, 2008. The

matter has been fully briefed and is ripe for determination. For the reasons set forth below, the Motion to Exclude is denied.

The background of this litigation has been set out by this Court in prior orders and will not be restated here. Defendant filed its original Motion to Exclude the Testimony of Wilfred Farnham as a Discovery Sanction (d/e 280) on February 29, 2008. As the Motion to Exclude was being briefed, Judge Scott issued an Opinion (d/e 295), dated April 9, 2008, which barred many of Farnham's opinions on Daubert grounds. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993). In ruling on the original Motion to Exclude (d/e 280), I ordered Farnham to stand for a second deposition, limited to the opinions Judge Scott had advised that he may offer in her Opinion, dated April 9, 2008, and all relevant background information. I specifically directed as follows: "Farnham shall appear and bring with him his entire file which shall be made available to Defendant for use during the deposition." Order (d/e 296), dated April 9, 2008, p. 2. Defendant's original Motion to Exclude (d/e 280) was denied without prejudice to being renewed, if necessary, following the full and complete supplemental deposition of Farnham. Id.

Farnham's supplemental deposition was held on April 25, 2008. Motion to Exclude, Ex. A, Supplemental Deposition of Larry Farnham (Farnham Supp. Dep.). Defendant filed the re-asserted Motion to Exclude on May 23, 2008, renewing its original Motion to Exclude and raising additional arguments relating to Farnham's April 2008 supplemental deposition. Specifically, the instant Motion to Exclude asserts that (1) Farnham failed to bring his entire file to the deposition in violation of this Court's order; (2) Plaintiffs have failed to disclose exactly what information Farnham relied upon in forming his opinions in violation of Fed. R. Civ. P. 26(a)(2)(B); (3) Farnham has failed to supplement his report as required under Fed. R. Civ. P. 26(a)(2)(D); and (4) Farnham destroyed discoverable documents.

While the instant motion was pending, Judge Scott issued a Text Order, dated July 3, 2008, in which she further limited the scope of Farnham's testimony, based on her ruling that the CRTU is irrelevant to this case. Specifically, Judge Scott barred Farnham from testifying about any opinion other than the following:

> the warning system at the Cisco Crossing, identified as the GCP 3000, had not functioned properly on five occasions between June 15, 2004, and July 24, 2004, in that: (a) a data recorder located at the Crossing monitored the operation of the

> GCP 3000 at the Crossing and recorded data from that monitoring; (b) the GCP 3000 was designed to activate the warning lights and bells thirty seconds before a train entered the Crossing; (c) on five occasions during this time period, the GCP 3000 activated less than twenty seconds before a train entered the crossing (an "Activation Failure" as defined by regulation).

Id.

Under Federal Rule of Civil Procedure 26(a)( 2), a party must disclose the identity of its expert witnesses. Absent stipulation of the parties or court order, the disclosure must be accompanied by a written report, prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain the data or other information considered by the witness in forming his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). Under Federal Rule of Civil Procedure 26(e), a party who has made a Rule 26(a) disclosure must supplement the disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e)(2) expressly provides that the party's duty to supplement as it relates to an expert witness extends both to information included in the report and information

given during the expert's deposition and mandates that "[a]ny additions or changes to this information must be disclosed by the time the party's Rule 26(a)(3) disclosures are due."  When a party fails to provide information required by Rule 26(a) or (e),  "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)  With all of this in mind, the Court turns to Defendant's arguments.

    Defendant's first three arguments for exclusion are intertwined, and the Court addresses them together.  Defendant asserts that Farnham's testimony should be excluded based on the fact that Farnham allegedly did not bring his entire file to the supplemental deposition in direct violation of this Court's Order, dated April 9, 2008.  According to Defendant, the items that Farnham brought to the deposition were all marked as exhibits, as listed on pages four through seven of the transcript of Farnham's supplemental deposition.  See Farnham Supp. Dep., p. 4-7.  Defendant asserts that these exhibits do not include all of the documents that Farnham claims to have reviewed in drafting his expert report, including twelve deposition transcripts and thirteen affidavits/statements.  Defendant

has provided the Court with the listing of items that Farnham asserts to have reviewed, set out in Appendix B to Farnham's expert report, for comparison. Motion to Exclude, Ex. B. Defendant further asserts that supplemental deposition exhibits 26 and 27, both of which are thumbnail drives, do not contain the information that Farnham represented they did. In response, Plaintiffs have presented a brief affidavit from Farnham in which he avers that, at the supplemental deposition, he produced his "entire paper file and electronic copies of all documents that were provided for his review by Plaintiff's counsel." Response to Defendant's Re-Asserted Motion to Exclude the Testimony of Wilfred Farnham as a Discovery Sanction (d/e 368) (Plaintiffs' Response), Ex. A.

The Court turns its attention to the discrepancies between the list of documents produced at the supplemental deposition and the list in Appendix B to Farnham's expert report. Plaintiffs provide no evidence to contest Defendant's assertion that the remaining depositions and statements were not included in the file produced at the supplemental deposition. Nor do they offer any explanation for their absence, or argument that the omission was harmless. Instead, Plaintiffs rely on Farnham's affidavit which expressly states that, at the supplemental

deposition, he produced his entire paper file and electronic copies of all documents that were provided for his review by Plaintiff's counsel, other than some non-substantive transmittal letters, e-mail from December 2007 and working drafts of his report.

The Court directed Farnham to appear for a supplemental deposition and to bring his entire file for Defendant's use during the deposition because the evidence demonstrated a lack of an accurate record of the information that Farnham considered in formulating his opinions.  In Farnham's original deposition, Farnham testified that he did not review all of the material listed in Appendix B prior to writing his report.  <u>Defendant's Memorandum in Support of Motion to Exclude (d/e 281)</u>, Ex. A, p. 115-16.  In fact, Farnham admits that he did not even possess some of the information listed in Appendix B, but that he would have been able to get the information, had he asked for it. <u>Id</u>., p. 115.  The record further reveals that Farnham has reviewed additional materials since drafting his report and that he is unable to clearly identify which materials were reviewed prior to drafting the report and which were reviewed subsequently.  A comparison of the list of documents produced at the supplemental deposition and the list in Appendix B to Farnham's expert report

compounds the confusion. Farnham avers that the file he produced at the supplemental deposition contained <u>all</u> of the documents that were provided for his review by Plaintiff's counsel. <u>Plaintiffs' Response</u>, Ex. A. Plaintiffs fail to explain why Appendix B lists information not contained in Farnham's file. Given the record evidence, Farnham never reviewed documents listed in Appendix B that were not produced at the supplemental deposition, yet Plaintiffs have taken no steps to correct Appendix B despite the duty to supplement and correct Farnham's expert report.[1] Furthermore, Plaintiffs have presented no evidence to contradict Defendant's assertions that the contents of the thumbnail drives, supplemental deposition exhibits 26 and 27, are not as Farnham represented them to be. These inaccuracies trouble the Court. Defendant is clearly entitled to disclosure of the information that Farnham considered in forming his opinions under Rule 26(a)(2)(B)(ii). Requiring Defendant to sift through lists of information that

---

[1] Defendant focuses its Rule 26(a)(2)(D) argument on Plaintiffs' failure to supplement Farnham's report after Farnham reviewed additional information subsequent to drafting his report. Defendant fails to establish that Plaintiffs' duty to supplement was triggered by information that Farnham reviewed subsequent to preparing his report. <u>See</u> <u>Fed. R. Civ. P.</u> 26(e). However, Plaintiffs must realize that the failure to supplement precludes Farnham from testifying regarding this subsequent information and any resulting opinions.

was not even provided to Plaintiffs' expert undermines the purpose of Rule 26(a)(2).

As the Seventh Circuit has recently reiterated, failure to comply with Rule 26(a)(2)'s requirements, unless justified or harmless, bars the offending party from using the information or witness to supply evidence on a motion, at a hearing, or at trial.  Ciomber v. Cooperative Plus, Inc., 527 F.3d 635, 641 (7th Cir. 2008); Fed. R. Civ. P. 37(c)(1).  In analyzing Defendant's first three arguments, the Court is cognizant of the fact that, after briefing of this motion was concluded, Judge Scott barred Farnham from testifying about any opinion other than that the warning system at the Cisco Crossing, identified as the GCP 3000, had not functioned properly on five occasions between June 15, 2004, and July 24, 2004.  Text Order, dated July 3, 2008.  While it is clear that unexplained discrepancies exist between Appendix B, the file produced at the supplemental deposition, and Farnham's representations as to the contents of the thumbnail drives, it is not clear that any missing information relates to the narrow opinion that Farnham may now offer.  The instant case is distinguishable from Ciomber, upon which Defendant heavily relies, in that Ciomber involved an undeveloped expert report that the Court characterized as "woefully

deficient." <u>Ciomber</u>, 527 F.3d at 641. The <u>Ciomber</u> Court held that the undeveloped report undermined the purpose of Rule 26(a)(2), which is to provide notice to opposing counsel, prior to an expert deposition, as to what the expert witness will testify. <u>Id</u>. at 642. Here, Defendant has not established that Appendix B to Farnham's expert report failed to include information that Farnham relied upon in forming his opinion, but rather that Appendix B lists additional information that Farnham did not actually review or consider.

The Court recognizes that the discovery phase of this case has reached the ninth inning. However, given the circumstances of the instant case, despite the fact that discovery is rapidly coming to a close, the Court finds that the appropriate resolution is for Farnham to stand for a second supplemental deposition, limited to the opinion Judge Scott advised he may offer in her Text Order, dated July 3, 2008. Farnham must appear for the second supplemental deposition and must bring his entire file, <u>including, but not limited to</u>, all of the information upon which he relied in forming the opinion at issue. Farnham should review the content of any electronic production to ensure that it is as he believes it to be. Plaintiffs acknowledge that "Farnham may not be the most organized and

meticulous expert." Plaintiffs' Response, p. 4. Both Plaintiffs and Farnham should recognize, however, that the failure to comply with Rule 26(a)(2)(B), unless substantially justified or harmless, necessitates certain consequences.

Defendant's remaining argument merits only brief comment. Defendant seeks to exclude Farnham based on the assertion that Farnham destroyed discoverable documents, including drafts of his report and correspondence between Farnham and Plaintiffs' attorneys. It is clear from the record that Farnham made changes to his report after having discussions with Plaintiffs' attorneys. Defendant's Memorandum in Support of Motion to Exclude (d/e 281), Ex. A, p. 113-14, 208. Farnham also admits that he has lost or discarded discoverable draft reports, correspondence, and e-mails. There is, however, no evidence to support a finding that Farnham's failure to preserve this evidence was willful. Moreover, the Advisory Notes to Rule 26 make clear that "Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports . . . . Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner which reflects the testimony to be given by the witness and it must

be signed by the witness." Fed. R. Civ. P. 26, 1993 Advisory Committee Notes. Farnham clearly testified under oath that the opinions expressed in the document are his opinions. Finally, in light of the extremely limited opinion that Farnham may offer at this point, Defendant has failed to establish that it was prejudiced by Farnham's failure to retain the draft reports and correspondence. For all of these reasons, the Court does not believe that Farnham's failure to preserve discoverable documents warrants the total exclusion of his already limited testimony.

THEREFORE, Defendant's Re-Asserted Motion to Exclude the Testimony of Wilfred Farnham as a Discovery Sanction (d/e 344) is DENIED without prejudice to being renewed if necessary after a second supplemental deposition of expert witness Farnham. Farnham is directed to stand for a second supplemental deposition, limited to the opinion Judge Scott advised he may offer in her Text Order, dated July 3, 2008. Farnham must appear and must bring his entire file, including, but not limited to, all of the information upon which he relied in forming the opinion at issue. The supplemental deposition shall be held at Defendant's counsel's office in Belleville, Illinois, on or before September 12, 2008, and shall not exceed three (3) hours in length. Plaintiffs shall pay the cost of the reporting

service used at the second supplemental deposition and any costs due and owing Farnham for his transportation and time.

IT IS THEREFORE SO ORDERED.

ENTER:   August 28, 2008

        FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE