
# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE CIMAGLIA, Special Administrator of the Estate of Jane Ann McGrath, deceased, and Molly Morgan, deceased minor; JON PETERSEN, as next friend of Katie Petersen, a minor; STEVEN M. WALTERS and GAYLA J. WALTERS, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3084 |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff Jon Petersen's Motion to Bar the Expert Opinion Testimony of J. William Wellborn (d/e 392) (Motion to Bar). Defendant Union Pacific Railroad Company filed a Response to Plaintiff's Motion to Bar Expert Opinion Testimony of J. William Wellborn (d/e 410) (Response). For the reasons stated below, the Motion to Bar is denied.

1

On July 22, 2004, a train hit a car at a railroad grade crossing in Carlinville, Illinois. Katie Petersen, who was 15 years old at the time, suffered injuries in the collision. Plaintiffs intend to introduce the testimony of physiatrist Craig Lichtblau, M.D., to opine on the future impairment that Katie Petersen will suffer and on her future medical expenses.[1] Union Pacific intends to introduce the expert testimony of its own physiatrist, J. William Wellborn, M.D., regarding Katie Petersen's future needs. Dr. Wellborn is critical of Dr. Lichtblau's opinions. This Court previously denied Union Pacific's request to exclude Dr. Lichtblau's testimony in its entirety, holding that only his opinions regarding medical expenses that he could not estimate above a 50-percent probability were inadmissible. See Opinion issued July 8, 2008 (d/e 380). Now, Plaintiff Jon Petersen moves to exclude Dr. Wellborn's testimony in its entirety.

According to Jon Petersen, Dr. Wellborn formed his opinions based on incomplete medical records and after an inappropriately short review period. Jon Petersen further asserts that Dr. Wellborn improperly disregarded objective medical evidence and scientific literature. He

---

[1] A physiatrist is a physician who specializes in the field of physical medicine and rehabilitation. American Medical Association, Complete Medical Encyclopedia 985 (1st ed. 2003).

contends that these factors constitute flaws in Dr. Wellborn's methodology that make it impossible for Dr. Wellborn's opinions to assist the jury. Thus, he argues, Dr. Wellborn should not be permitted to offer his opinions at trial.

Expert testimony is governed by Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under this rule, the Court must determine whether a party's proposed expert is qualified, whether his opinions are grounded in a proper basis, and whether his testimony will assist the jury. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993). Here, Jon Petersen does not challenge Dr. Wellborn's qualifications. See Memorandum in Law in Support of Plaintiff's Motion to Bar the Expert Opinion Testimony of J. William Wellborn (d/e 393), at 2. Whether Dr. Wellborn's opinions are grounded

3

in a proper basis and whether his testimony will assist the jury are at issue, however.

Jon Petersen first contends that Dr. Wellborn's opinions are not grounded in a proper basis because Dr. Wellborn reviewed only incomplete records in formulating his opinion of Katie Petersen's condition and future needs. Specifically, Jon Petersen asserts that Dr. Wellborn reviewed a draft of Dr. Lichtblau's Continuation of Care Plan, but not the final version. According to Jon Petersen, this reliance on incomplete information grounded Dr. Wellborn's opinions in the clinical process, "in which conclusions must be extrapolated from incomplete data," instead of the scientific method, "in which conclusions must be drawn from an accepted process." Rider v. Sandoz Pharmaceuticals Corp., 295 F.3d 1194, 1196 (11th Cir. 2002). Therefore, he argues, Dr. Wellborn's opinions are not admissible expert evidence.

Jon Petersen's objection is a matter for cross-examination, not a basis for exclusion. First, Dr. Wellborn's report includes a critique of Dr. Lichtblau's findings regarding Katie Petersen's future medical needs, but Dr. Wellborn's conclusions regarding her future medical needs are not based on Dr. Lichtblau's opinions. Thus, whether or not he reviewed a final version

4

of Dr. Lichtblau's findings would impact only his criticisms of Dr. Lichtblau, not his conclusions regarding Katie Petersen's medical condition.

Second, while it appears that Dr. Wellborn's criticism of Dr. Lichtblau's work is a major component of the expert testimony Union Pacific intends Dr. Wellborn to offer at trial, even it is not inadmissible based on the allegation that Dr. Wellborn wrote his expert report after reviewing only a draft of Dr. Lichtblau's report. Jon Petersen fails to assert that Dr. Lichtblau's final Continuation of Care Plan varied in any way that may have changed Dr. Wellborn's opinions, and at his deposition, Dr. Wellborn did not admit that any changes would have made a difference in his conclusions. What Jon Petersen has presented is a potential weakness in Dr. Wellborn's criticism of Dr. Lichtblau's work, not a showing of baseless methodology. See Lapsley v. Xtek, Inc., 2008 WL 4690999, at *5-6 (N.D. Ind. Oct. 23, 2008) (holding an expert's testimony admissible despite the fact that he reviewed only incomplete tests from the opposing party's expert witness); Sachs v. Reef Aquaria Design, Inc., 2007 WL 3223336, at *15 (N.D. Ill. Oct. 25, 2007) (holding expert testimony admissible despite the fact that the experts' reports were written before the depositions of witnesses who offered arguably relevant factual data).

Jon Petersen next contends that Dr. Wellborn spent too little time reviewing Katie Petersen's medical records and relevant literature to form a reliable opinion. He states that after seventy-five minutes of reviewing diagnostic testing and Dr. Lichtblau's opinions on March 5, 2008, Dr. Wellborn formed initial opinions and had a telephone conversation with another expert hired by Union Pacific. On April 18, 2008, after a total of twelve hours of reviewing Katie Petersen's medical records and researching medical literature, Dr. Wellborn produced a written report that contains two and a half pages of opinion. After Dr. Wellborn completed his report, he viewed a videotape of Katie Petersen's deposition, which he says reinforced his opinions. Jon Petersen argues that the amount of time Dr. Wellborn spent formulating his opinion demonstrates the unreliability of his methodology.

Again, Jon Petersen's objection is a point for cross-examination, not a basis for excluding his testimony. He does not argue that anything Dr. Wellborn did in these twelve hours was inappropriate; he asserts only that Dr. Wellborn did not spend enough time doing these things. Moreover, he advances no position regarding how much time would be enough. The Court is satisfied that after twelve hours of researching and reviewing

medical records, a qualified doctor could formulate an opinion that will assist the jury in evaluating Katie Petersen's injuries and future impairments. Whether Dr. Wellborn reached the correct conclusions after this work will be for the jury to decide.

Finally, Jon Petersen argues that Dr. Wellborn disregarded objective medical evidence and scientific literature and thus formed an opinion based on insufficient data and unreliable methods.[2] First, he points out that Dr. Wellborn disregarded certain opinions and conclusions of Dr. Steven Rothke, Dr. Bruce Montella, and Union Pacific's expert Dr. Walter Thomas Harrell. The opinions and conclusions of these doctors are not objective medical evidence, and an expert witness is not required to accept the opinions of other experts or physicians in forming his own. The only objective medical evidence Jon Petersen identifies are the results of neuropsychological tests performed by Dr. Rothke. Based on these tests, Dr. Rothke concluded that Katie Petersen suffers from substantial memory

---

[2]In making his arguments on this issue, Jon Petersen relies heavily on an unpublished Seventh Circuit case, Barber v. United Airlines, which affirmed a district court's exclusion of an expert who ignored data and testimony from fact witnesses in reaching his opinion. Barber, 17 Fed.Appx. 433 (7th Cir. 2001). Per Seventh Circuit Rule 32.1, this Court may not consider an unpublished Seventh Circuit case issued before January 1, 2007. Regardless, Barber is distinguishable because Dr. Wellborn disregarded data and testimony from other experts.

loss.  In his deposition, Dr. Wellborn conceded that he had not reviewed Dr. Rothke's testing, but he stated that he reviewed Dr. Rothke's report, which discussed the testing.  Moreover, Dr. Wellborn maintained that in reaching his own conclusions, he did not disregard Dr. Rothke's testing-related findings.  See Motion to Bar, Exhibit A, Wellborn Deposition Transcript, at 81.  Dr. Wellborn testified instead that based on Dr. Rothke's findings, the results of testing Dr. Harrell performed, and the other medical records he reviewed, he believed that Katie Petersen suffers from slight inconsistent forgetfulness.  Id. at 126, 129-35.  Considering Dr. Wellborn's deposition testimony, the Court cannot find that Dr. Wellborn ignored objective medical evidence that conflicts with his views.  Instead, he considered this evidence and reached different conclusions than the doctor who administered the tests.  This is not an example of selective disregard of contrary evidence.  Whether Dr. Wellborn reached the correct conclusion after considering Dr. Rothke's testing is an issue for the jury.

Second, Jon Petersen asserts that Dr. Wellborn ignored relevant scientific literature that contradicts his opinions, demonstrating either unacceptable ignorance of the field or willful disregard of conflicting evidence.  At his deposition, Dr. Wellborn stated that no basis exists for Dr.

8

Lichtblau's conclusion that the brain injury Katie Petersen suffered will cause musculoskeletal pain and discomfort in the future. Specifically, he stated, "There's no basis for that. It's not in any -- any text anywhere. . . . In -- in terms of her injury, I'll -- I'll guarantee you, there is no basis for that." Motion to Bar, Exhibit A, Wellborn Deposition, at 167. With his Motion to Compel, Jon Petersen filed a series of scientific articles that he asserts support Dr. Lichtblau's conclusion. See Motion to Bar, Exhibit G, Scientific Articles. Jon Petersen did not present these articles to Dr. Wellborn at his deposition, and his Motion to Bar does not discuss them; he has not established that they in fact support Dr. Lichtblau's conclusions. Further, assuming that they do support Dr. Lichtblau's opinion, their accuracy and significance is a matter for cross-examination.

Jon Petersen's criticisms of Dr. Wellborn's methodology do not constitute grounds for exclusion. The Court is satisfied that Dr. Wellborn's opinions are based upon sufficient facts or data and are the product of reliable principles and methods, which he applied reliably to the facts of the case.

Moreover, Dr. Wellborn's testimony will assist the jury to understand the evidence and determine facts in issue. Specifically, Dr. Wellborn's

9

testimony will assist the jury in evaluating the extent of the injuries Katie Petersen suffered from the accident and the physical, mental, and financial burdens she is likely to suffer in the future. If the jury finds Union Pacific liable, Dr. Wellborn's testimony will assist the jury in deciding damages.

THEREFORE, Plaintiff Jon Petersen's Motion to Bar the Expert Opinion Testimony of J. William Wellborn (d/e 392) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: November 18, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE