IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE CIMAGLIA, Special Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, deceased, et al, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-CV-3084 |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

      This matter is before the Court on Plaintiffs' Motion for Sanctions (d/e 420).  This case arises out of a collision between a Union Pacific freight train and a passenger vehicle that occurred on July 22, 2004, some time between 6:03 p.m. and 6:08 p.m. at the Cisco Road railroad crossing in Macoupin County, Illinois.  The instant motion is brought pursuant to Fed. R. Civ. P. 37(b)(2)(A) and (C).  Plaintiffs ask the Court to sanction Defendant Union Pacific Railroad Company for its alleged violation of this Court's Order (d/e 411), dated August 11, 2008.  The matter has been fully

briefed and is ripe for determination. For the reasons set forth below, the Motion for Sanctions is denied.

The background of this litigation has been set out by this Court in prior orders and will not be restated here. During the April 2008 deposition of Defendant's expert Roy Reynolds, Plaintiffs became aware of a handwritten note which indicated that an unnamed witness contradicted the train conductor's statement that the lights at the subject crossing were working at the time of the accident. In June 2008, Plaintiffs filed a Motion to Compel (d/e 364) regarding the unnamed witness, asserting that Defendant erroneously failed to disclose this witness during discovery. After reviewing the briefing on the motion, the Court determined that the following individuals had knowledge relating to the handwritten note: Reynolds, Scott Gunter, Steve Jackson, and Michael Rodriguez. Given the fact that the note did not surface until April 2008, this Court, in order to ensure a fair discovery process, granted Plaintiffs the opportunity to take the deposition of Steve Jackson on the limited issue concerning the handwritten note, as well as the opportunity to take supplemental depositions of Mike Rodriguez and Scott Gunter, not to exceed four hours

each, on the issue of the "witness" in the note.  Opinion (d/e 397), dated July 25, 2008.

Plaintiffs filed notices of deposition for Jackson, Rodriguez and Gunter (d/e 399-404).  Defendant moved to quash and asked this Court to reconsider its July 25, 2008 Opinion.  Motion to Quash (d/e 406); Motion for Reconsideration (d/e 408).  In a Text Order, dated August 8, 2008, District Judge Scott canceled the three depositions pending the resolution of the outstanding motions.  In an Order (d/e 411), dated August 11, 2008, this Court denied Defendant's request for reconsideration and granted Plaintiffs leave to conduct "limited follow-up depositions" of Jackson, Rodriguez, and Gunter.  Id., p. 1-2.  The Court expressly stated that the depositions must be limited to four hours in length and "pertain to the issue of the 'witness' and the note discussed in Court's Opinion (d/e 397)."  Id., p. 2.  The Court further directed as follows: "All of the three witnesses should be directed to bring to the deposition their entire file concerning the matter.  However, the scope of any questioning of the three witnesses is limited to the 'witness' and any records/notes/documents relating thereto discussed at length in the Court's Opinion (d/e 397)."  Id.  Plaintiffs served amended notices of deposition (d/e 416, 417, 419) on the three witnesses, directing each to

bring "the entire claims file in this case pursuant to the Order of Magistrate Cudmore."

The instant Motion for Sanctions asserts that Rodriguez and Gunter attended depositions on August 21, 2008 but that each man failed to bring his entire file regarding the matter. According to Plaintiffs, during the depositions, the witnesses referred to documents in the claim file that had not been brought to the deposition and responded "I don't know" on a number of occasions. Plaintiffs assert that they were denied a full and fair opportunity to conduct the supplemental depositions because of the failure of Rodriguez and Gunter to bring their entire files. Plaintiffs ask the Court to order additional supplemental depositions of Rodriguez and Gunter and to award monetary sanctions, including attorneys fees and costs.

In analyzing the instant Motion, the Court has reviewed the transcripts from the Rodriguez and Gunter supplemental depositions. See Defendant's Response to Plaintiffs' Motion for Sanctions (d/e 429), Ex. 1, Deposition of Mike Rodriguez (Rodriguez Dep.) & 8, Deposition of Scott Gunter (Gunter Dep.). The Court turns first to Gunter. Plaintiffs assert that sanctions are appropriate because Gunter failed to bring his entire file to the deposition. This assertion is not supported by the evidence. While it is

clear that Gunter did not bring the claims file to his deposition, Gunter testified that he did not currently have, and had never had, a claims file relating to the accident in question. Gunter Dep., p. 5-6. According to Gunter, he never had any documentation for the claims file, and the claims file "would be with someone else." Id., p. 6. Pursuant to the Order, dated August 11, 2008, Gunter was to bring to the deposition his entire file concerning the matter. The Court did not order Gunter to bring the claims file, or anything other than his own file concerning the matter. Plaintiffs fail to establish that Gunter violated this Court's August 11th order. The Motion for Sanctions is denied as it relates to Gunter.

    Turning to Rodriguez, it is clear that he failed to bring his entire file to the deposition. Rodriguez testified that he brought only excerpts from his claims file that concerned the witness in question. Rodriguez Dep., p. 6. Thus, the evidence establishes a violation of this Court's August 11th Order arising out of the supplemental Rodriguez Deposition. Plaintiffs, however, fail to establish that this violation in any way inhibited their ability to make full and fair inquiry of Rodriguez to the extent allowed under the Court's August 11th Order. This Court limited the scope of questioning to the "witness" and the note discussed in the Court's Opinion (d/e 397). The

record evidence relating to the "witness" and the note is as follows. Rodriguez testified that, at some point on the morning of July 23, 2004, he learned that Karen Willis had information about a potential eyewitness to the collision. Rodriguez Dep., p. 48-49. Rodriguez could not recall where he got the information about Willis. Id., p. 40, 49-52, 85. Rodriguez does not believe that he had information about the potential existence of an eyewitness before 8:00 a.m. on July 23, 2004. Id., p. 40. He does, however, recall telling Scott Gunter about Karen Willis between approximately 10:30 a.m. and noon on July 23, 2004. Id., p. 79-81. The record reveals that Gunter called Steve Jackson at 12:35 p.m. on July 23, 2004. Gunter testified that he passed along information he received from Rodriguez that a witness said that the crossing lights were not flashing at the time of the accident. Gunter Dep., p. 14-15. As set out in this Court's Opinion (d/e 397), the handwritten note at issue, created by Jackson, indicates as follows: "7/23/04 Scott Gunter . . . Union Pacific RR 12:35 p.m. . . . Crossing has flashing lights. Conductor says they were working; A witness says they were not." Opinion (d/e 397), p. 2. Rodriguez called Willis at 3:37 p.m. on July 23, 2004. She told him that she knew of a person, Kim Maguire, who had preceded the Plaintiffs' vehicle through the

crossing and that this person said that the flashers were not working. Rodriguez Dep., p. 108. Willis told Rodriguez that Maguire worked at McDonald's, so immediately after the phone call, Rodriguez went to McDonald's to follow up on Maguire. Rodriguez called Kim Maguire at 3:59 p.m. after obtaining her phone number from someone at McDonald's and left a message. Id. Maguire was out of town at the time. Rodriguez eventually interviewed Maguire in person on July 27, 2004 and made handwritten notes which were produced at the deposition. Id. at 62; Response, Ex. 2.

Plaintiffs specifically identify several absent items. However, an analysis of each named item reveals its lack of significance to the limited scope of the supplemental deposition. First, Plaintiffs assert that Rodriguez failed to bring a neighborhood canvass drawing to his deposition. The canvass sketch related to the canvass of the crossing area that was conducted on July 23, 2004. It is clear from the record that Rodriguez knew the Karen Willis information before the canvassing. Rodriguez testified that because he already had Willis' name and number, he knew he could contact her later. Rodriguez Dep., p. 92-93. According to Rodriguez, he therefore focused on canvassing the area to find other

persons who may have witnessed the accident.  Id.  Thus, the canvass drawing is irrelevant to the issue of the witness and the note.

Plaintiffs next assert several omissions relating to Rodriguez's cellular telephone records.  Defendant produced Rodriguez's cell phone records for the period from 7:50 p.m. on July 22, 2004 to 8:40 p.m. on July 27, 2004.  Response, Ex. 7.  Rodriguez testified that there would have been phone calls relating to the accident prior to 7:50 p.m. on July 22, 2004, but that those records were not produced at the deposition. Rodriguez Dep., p. 13.  The record reveals that Rodriguez attempted to obtain his phone records from AT&T but was unable to secure them. According to Rodriguez, defense attorney Harlan Harla actually secured the phone records that were produced, and these records were developed internally by Union Pacific's information technology group.  Id., p. 9. Plaintiffs contend that Rodriguez failed to bring the following phone related items to the deposition in violation of this Court's August 11th order: the identity of the information technology person who developed the phone records; the email from IT personnel indicating a chain of custody for the phone records; and additional missing pages from the phone records. There is no evidence that any of these items is contained in Rodriguez's

file concerning the matter. Rodriguez testified that the name of the IT person who developed the records would not be in the claims file and is probably written in his planner. Id., p. 10. Rodriguez received his phone records via a forwarded email from defense counsel Harla. Rodriguez testified that the email with the records was on his computer, and not in the claims file. Id., p. 11. Thus, Plaintiffs fail to establish that Rodriguez's failure to bring these items to his supplemental deposition violated this Court's direction for him to bring his entire file concerning the matter.

Plaintiffs further assert that Rodriguez violated this Court's August 11th order by failing to bring case involvement notes or other notes from Tracy Andrews, Bob Totra, and Mike Kirkpatrick. Plaintiffs fail to establish that Rodriguez had any notes of this type in his own file relating to the matter. Rodriguez testified that he did not know of any case involvement notes by Totra or Kirkpatrick, stating that these men did not do any canvassing that he was aware of. Rodriguez Dep., p. 69. Rodriguez testified that there were no notes from Kirkpatrick in the claims file relating to Karen Willis, and that he did not know whether Kirkpatrick took notes when he interviewed the conductor or maintained any notes outside of the claims file. Id., p. 27-28, 42-48. While Rodriguez testified that Tracy

Andrews' notes were in the claims file, there is no evidence that Andrews' notes were in Rodriguez's file. See id., p. 48. Similarly, while Gunter testified that Totra made sketches at the scene on July 23, 2004, there is no evidence that these sketches were in Rodriguez's file. See Gunter Dep., p. 7. The Court did not order Rodriguez to bring the claims file, or anything other than his own file concerning the matter. The Court notes that Rodriguez has produced his own case involvement notes, and Plaintiffs allege no shortcoming relating to that production. See Response, Ex. 3. Moreover, Rodriguez testified that, in addition to bringing his case involvement notes from his file, he also searched the Defendant's Power Law database for other case involvement notes and found none other than those that were produced at the deposition. Rodriguez Dep., p. 77-78. Rodriguez specifically testified that there were no case involvement notes for the interviews with Maguire or Willis. Id., p. 78. Plaintiffs' request for sanctions relating to Rodriguez's failure to bring notes from Andrews, Kirkpatrick or Totra to the supplemental deposition is denied.

Plaintiffs allude to other omissions, without specifically identifying allegedly omitted items. The Court has reviewed the entire Rodriguez Deposition and fails to find any other material omissions. Therefore, under

the circumstances here, the Court finds that Rule 37(b)(2) sanctions are not appropriate.

THEREFORE, for the reasons set forth above, Plaintiffs' Motion for Sanctions (d/e 420) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   December 16, 2008

FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE