# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

MARIE CIMAGLIA, Special )
Administrator of the Estates of Jane )
Ann McGrath, deceased, and Molly )
Morgan, deceased, et al, )
  )
      Plaintiffs, )
  )
v. )  No. 06-CV-3084
  )
UNION PACIFIC RAILROAD )
COMPANY, )
  )
      Defendant. )

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Plaintiffs' Motion to Compel Discovery and Motion for Sanctions (d/e 425). This case arises out of a collision between a Union Pacific freight train and a passenger vehicle that occurred on July 22, 2004, some time between 6:03 p.m. and 6:08 p.m. at the Cisco Road railroad crossing in Macoupin County, Illinois. The instant motion is brought pursuant to Fed. R. Civ. P. 37. Plaintiffs ask the Court to compel Defendant Union Pacific Railroad Company to produce Michael Rodriguez for a third deposition to answer questions regarding catastrophic

grade crossing collision investigation materials and to produce the most recent (2004) version of Defendant's claim procedure manual. Plaintiffs also seek an order requiring Tracy Andrews to sit for a supplemental deposition regarding the "witness" and the note discussed in this Court's Opinion (d/e 397), dated July 25, 2008. The matter has been fully briefed and is ripe for determination. For the reasons set forth below, the Motion to Compel Discovery and Motion for Sanctions is denied.

    The background of this litigation has been set out by this Court in prior orders and will not be restated here. Additionally, the Court will only briefly address the circumstances surrounding the "witness" and the handwritten note which are set forth in detail in this Court's Opinion (d/e 439), dated December 16, 2008. During the April 2008 deposition of Defendant's expert Roy Reynolds, Plaintiffs became aware of a handwritten note which indicated that an unnamed witness contradicted the train conductor's statement that the lights at the subject crossing were working at the time of the accident. After Plaintiffs filed a Motion to Compel (d/e 364) regarding the unnamed witness, asserting that Defendant erroneously failed to disclose this witness during discovery, the Court determined that Reynolds, Scott Gunter, Steve Jackson, and Michael

Rodriguez had knowledge relating to the handwritten note. In order to ensure a fair discovery process, the Court granted Plaintiffs the opportunity to take the deposition of Steve Jackson on the limited issue concerning the handwritten note, as well as the opportunity to take supplemental depositions of Mike Rodriguez and Scott Gunter, not to exceed four hours each, on the issue of the "witness" in the note. Opinion (d/e 397), dated July 25, 2008.

Plaintiffs filed notices of deposition for Jackson, Rodriguez and Gunter (d/e 399-404). Defendant moved to quash and asked this Court to reconsider its July 25, 2008 Opinion. Motion to Quash (d/e 406); Motion for Reconsideration (d/e 408). In a Text Order, dated August 8, 2008, District Judge Scott canceled the three depositions pending the resolution of the outstanding motions. In an Order (d/e 411), dated August 11, 2008, this Court denied Defendant's request for reconsideration and granted Plaintiffs leave to conduct "limited follow-up depositions" of Jackson, Rodriguez, and Gunter. Id., p. 1-2. The Court noted that Defendant's assertion that, due to research required by Opinion (d/e 397), Defendant had identified "certain information to support its belief that the 'missing witness' was in fact Kimberly McGuire." Id., p. 1. The Court, however, declined to take

Defendant's assertion as negating Plaintiffs' need for limited follow-up depositions of Jackson, Gunter, and Rodriguez on the issue. The Court expressly stated that the depositions must be limited to four hours in length and "pertain to the issue of the 'witness' and the note discussed in Court's Opinion (d/e 397)." Id., p. 2. The Court further directed as follows: "All of the three witnesses should be directed to bring to the deposition their entire file concerning the matter. However, the scope of any questioning of the three witnesses is limited to the 'witness' and any records/notes/documents relating thereto discussed at length in the Court's Opinion (d/e 397)." Id.

The instant Motion incorporates by reference arguments raised in Plaintiffs' Motion for Sanctions (d/e 420). The Court has denied the Motion for Sanctions (d/e 420) and again rejects the arguments raised therein for the reasons stated in the prior opinion. See Opinion (d/e 439), dated December 16, 2008. The instant Motion further asserts that Defense Counsel Harla improperly directed Rodriguez not to answer a question at his supplement deposition inquiring whether "any investigation that would be performed should be performed to the standards outlined in the catastrophic grade crossing collision investigation materials?" Motion to Compel and Motion for Sanctions, Ex. A, Deposition of Michael Rodriguez

held August 21, 2008 (Rodriguez Dep.), p. 44-45.  Plaintiffs ask the Court to compel Defendant to produce Rodriguez for a third deposition to answer questions regarding catastrophic grade crossing collision investigation materials and to produce the most recent (2004) version of Defendant's claim procedure manual.

Under Fed. R. Civ. P. 30(c)(2), a person may instruct a deponent not to answer when necessary "to enforce a limitation ordered by the court." This Court limited the scope of questioning at the supplemental deposition to the "witness" and the note discussed in the Court's Opinion (d/e 397). Plaintiffs' inquiry regarding the applicability of the standards outlined in the catastrophic grade crossing collision investigation materials is outside the scope of the limited follow-up allowed by the Court.  Harla's instruction for Rodriguez not to answer the question did not violate Fed. R. Civ. P. 30, and Plaintiffs' request to compel a third Rodriguez deposition is denied. Plaintiffs' request for an order directing Defendant to produce the 2004 version of Defendant's claim procedure manual is also denied.  The discovery deadlines have passed, and Plaintiffs fail to establish that the claim procedure manual falls within the scope of the limited follow-up allowed by the Court relating to the "witness" and the note.

Plaintiffs also ask the Court to order Defendant to produce Tracy Andrews for a supplemental deposition regarding the "witness" and the note. Plaintiffs, however, fail to establish the necessity of a supplemental Andrews deposition, especially given the advanced stage of the proceedings. The record evidence relating to the "witness" and the note is as follows. Rodriguez testified that, at some point on the morning of July 23, 2004, he learned that Karen Willis had information about a potential eyewitness to the collision. Rodriguez Dep., p. 48-49. Rodriguez could not recall where he got the information about Willis. Id., p. 40, 49-52, 85. Rodriguez does not believe that he had information about the potential existence of an eyewitness before 8:00 a.m. on July 23, 2004. Id., p. 40. He recalls telling Scott Gunter about Karen Willis between approximately 10:30 a.m. and noon on July 23, 2004. Id., p. 79-81. The record reveals that Gunter called Steve Jackson at 12:35 p.m. on July 23, 2004. Gunter testified that he passed along information he received from Rodriguez that a witness said that the crossing lights were not flashing at the time of the accident. Gunter Dep., p. 14-15. As set out in this Court's Opinion (d/e 397), the handwritten note at issue, created by Jackson, indicates as follows: "7/23/04 Scott Gunter . . . Union Pacific RR 12:35 p.m. . . .

Crossing has flashing lights.   Conductor says they were working; A witness says they were not." Opinion (d/e 397), p. 2.  Rodriguez called Willis at 3:37 p.m. on July 23, 2004.  She told him that she knew of a person, Kim Maguire, who had preceded the Plaintiffs' vehicle through the crossing and that this person said that the flashers were not working. Rodriguez Dep., p. 108.  Willis told Rodriguez that Maguire worked at McDonald's.  According to Rodriguez, immediately after the phone call, he and Andrews went to McDonald's to follow up on Maguire.  Rodriguez called Kim Maguire at 3:59 p.m. after obtaining her phone number from someone at McDonald's and left a message.  Id.  Maguire was out of town at the time.  Rodriguez eventually interviewed Maguire in person on July 27, 2004 and made handwritten notes which were produced at the deposition.  Id. at 62.  Rodriguez also produced a copy of a sticky note that was attached to his day planner on the page for July 23, 2004. Defendant's Response to Plaintiffs' Motion to Compel Discovery and Motion for Sanctions, Attachment 1, p. 14.  The sticky note had Maguire's name and telephone number on it.  According to Rodriguez, he wrote Maguire's name on the note and Andrews wrote Maguire's number on the note.  Rodriguez Dep. at 57.

According to Plaintiffs, Rodriguez's testimony regarding the time at which he became aware of an eyewitness conflicts with Andrews deposition testimony.  An analysis of Andrews' deposition reveals no conflict.  Rodriguez was Andrews' supervisor, and she was working with him on July 23, 2004, investigating the collision.  Andrews testified that, on July 23, 2004, they did not find or contact anyone that had seen the incident.  <u>Motion to Compel and Motion for Sanctions</u>, Ex. B, <u>Deposition of Tracy Andrews held August 21, 2008 (Andrews Dep.)</u>, p. 120-21.  When asked whether she came into contact with Kimberly Maguire at some point, Andrews testified that she did not, but stated that she was familiar with Maguire's name as a potential witness.  <u>Id</u>., p. 121.  This testimony is not on its face inconsistent with Rodriguez's account that Maguire was out of town on July 23, 2004, and thus, he did not interview her until July 27, 2004.  As the Court has previously noted, the discovery deadlines have long since passed in the instant case.  Because the handwritten note regarding the witness did not surface until April 2008, the Court, to ensure a fair process, allowed Plaintiffs to conduct limited supplemental discovery on the issue of the "witness" and the note. The Court is satisfied that the discovery that has been provided in response to this Court's Opinions

(d/e 397 & 411) is sufficient to prevent any prejudice to the Plaintiffs. The Court finds no reason to extend or expand discovery on this issue.

THEREFORE, for the reasons set forth above, Plaintiffs' Motion to Compel and Motion for Sanctions (d/e 425) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:    December 18, 2008

FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE