IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARIE CIMAGLIA, Special Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, deceased, et al,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>      Defendant. | No. 06-CV-3084 |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

     This matter is before the Court on Plaintiffs' Renewed Motion for Sanctions (d/e 427). This case arises out of a collision between a Union Pacific freight train and a passenger vehicle that occurred on July 22, 2004, at the Cisco Road railroad crossing in Macoupin County, Illinois. The Renewed Motion for Sanctions asks the Court to bar certain evidence, to provide the jury with instructions allowing certain permissive negative inferences to be drawn against Defendant Union Pacific Railroad Company, and to allow Plaintiffs to amend their complaint to add claims for

negligent and intentional spoilation of evidence, fraud, and punitive damages.[1] Plaintiffs also seek an award of costs and fees arising out of Defendant's alleged discovery abuses. In the alternative, Plaintiffs note that the Court could reopen discovery to allow them to mitigate the prejudice caused by Defendant's alleged actions. For the reasons set forth below, the Renewed Motion for Sanctions is allowed, in part, and denied, in part.

The background information pertinent to the instant motion is as follows. Other than specific Court-ordered disclosures, oral fact discovery closed on August 15, 2007, and written fact discovery closed on March 1, 2008. The Renewed Motion for Sanctions relates to a September 2007 Motion for Sanctions (d/e 244) filed by Plaintiffs Steven and Gayla Walters. The Walters alleged that the Defendant concealed or destroyed vital evidence relating to the electronic warning signals at the crossing. Specifically, the Walters asserted that Defendant engaged in a "deliberate course of conduct intended to deceive plaintiffs by hiding from them the existence of the CRTU [Cellular Remote Terminal Unit] and the data

---

[1] To the extent Plaintiffs seek sanctions relating to Defendant's characterization of witness Kimberly Maguire, the request is denied. The Court reiterates its belief that the discovery provided in response to Opinions (d/e 397 & 411) is sufficient to prevent any prejudice to the Plaintiffs on this issue. See Opinion (d/e 440), dated December 18, 2008.

produced by that unit" and sought to amend their complaint to add state law claims for spoilation of evidence and obstruction of justice. Motion for Sanctions (d/e 244), p. 7, 9-10. According to the Motion for Sanctions (d/e 244), Plaintiffs confirmed the existence of the CRTU for the first time during an August 13, 2007 deposition of Paul Stanek. The Walters' Motion for Sanctions characterized the CRTU as "a recording device installed at the crossing at the time of the accident which should have transmitted data to the Union Pacific headquarters in Omaha, Nebraska." Id., p. 4.

The Court determined that Defendant's responses to the Walters' Requests for Production Nos. 13 and 20 were deficient. Opinion (d/e 263), dated November 13, 2007, p. 6-8. The Court ordered Defendant to produce (1) a complete, unedited copy of data that was periodically or regularly transmitted from the CRTU to an external computer for a period of two years prior to the date of the subject accident or to respond in compliance with Fed. R. Civ. P. 34(b) that no such data exists and (2) a clean, legible copy of all documents present inside the crossing control case at the time of the accident. The Court declined to impose sanctions based on the omissions in Defendant's responses to the Requests for Production Nos. 13 and 20, noting that it was unclear whether any of the

omissions were material. The Court further noted its belief that the fact that a CRTU trouble ticket had been produced by the Defendant in discovery negated the Walters' argument that Defendant was intentionally hiding the existence of the CRTU from Plaintiffs. Id., p. 7 n. 2. The Court denied without prejudice the Walters' request to amend their complaint to add state law claims for spoilation of evidence and obstruction of justice, noting that there had been no showing that the evidence that was withheld was material or that any evidence was destroyed. The Walters objected to this Court's determination that sanctions were not appropriate. United States District Judge Jeanne E. Scott overruled this objection in an Opinion (d/e 282), dated March 5, 2008.

In an Opinion (d/e 317), dated May 1, 2008, the Court denied Plaintiffs' request to reopen oral fact discovery on the CRTU. The Court did, however, order Defendant to respond to timely served Supplemental Interrogatory No. 34, which asked Defendant to explain the meaning of certain lines of the data printout of the information remotely transmitted from the CRTU which had been produced. Opinion (d/e 349), dated May 29, 2008, p. 10-11. The Court recently revisited the sufficiency of Defendant's response to Supplemental Interrogatory No. 34 in an Opinion

(d/e 441), dated December 23, 2008, in which the Court ordered Defendant to provide Plaintiffs with an explanation of the certain codes, which the Court found to be not self-explanatory. The Court further notes that, in ruling on Defendant's Motion for Summary Judgment, Judge Scott deemed irrelevant the fact that the CRTU was not used to monitor the crossing's warning system for activation failures. Opinion (d/e 352), dated June 2, 2008, p. 24 n. 3. With this in mind, the Court turns to the Renewed Motion for Sanctions

As a preliminary matter, the Court must consider Defendant's request to strike the Affidavit of Wilfred Farnham, dated September 3, 2008, which was filed as Exhibit D in support of the Renewed Motion for Sanctions. Defendant asserts that Judge Scott has imposed severe limits on the scope of Farnham's opinion testimony. See Opinion (d/e 295), dated April 9, 2008; Text Order, dated July 3, 2008. Defendant asks the Court to strike the portions of the September 3, 2008 Farnham Affidavit that are inconsistent with Judge Scott's prior orders. Judge Scott's rulings, however, dealt with the admissibility of Farnham's testimony at summary judgment and trial. Here, Plaintiffs offer the Farnham Affidavit in support of a motion for discovery sanctions. This use is not barred by Judge Scott's

prior orders, and this Court will not strike the affidavit and will consider it for the limited purpose of ruling on the Renewed Motion for Sanctions.

Plaintiffs first contend that Defendant erroneously failed to preserve data from all three event recorders at the crossing on the night of the accident. Plaintiffs identify the event recorders as follows: (1) the primary Safetran recorder board; (2) the standby Safetran recorder board; and (3) the CRTU. The Court turns first to the primary recorder board, which was removed from the crossing following the accident and for which printouts and downloads have been produced. Plaintiffs characterize the data produced from the primary Safetran recorder board as "suspect." In so doing, Plaintiffs raise a number of arguments that have been raised previously. Plaintiffs, however, identify nothing that would cause the Court to disturb its earlier rulings on this issue. The Court will not impose sanctions relating to the data from the primary recorder board.

Plaintiffs assert that Defendant erroneously failed to download data from the standby recorder board at the crossing. The record reveals that the standby recorder board is the same type and model as the primary recorder board and is designed to activate if the primary recorder ceases to operate. When the primary recorder board was removed from the

crossing, the standby recorder board became the primary recorder board for the crossing. As the Court has previously noted, the record reveals that the Safetran recorder board has a limited memory capacity, and as new events are recorded, the oldest data is removed from the memory. <u>Opinion (d/e 317), dated May 1, 2008</u>. Thus, Plaintiffs assert, the ability to preserve data from the standby recorder board lapsed within a few months of the accident. <u>Renewed Motion for Sanctions</u>, p. 11. The Court declines to impose sanctions based on Defendant's failure to preserve data from the standby recorder board because Plaintiffs failed to diligently pursue this issue. Unlike the CRTU, addressed infra., there is nothing in the record to suggest that Plaintiffs were at any time unaware of the existence of the standby recorder board or of its capabilities.

The Court turns next to the CRTU. While Judge Scott has deemed irrelevant the fact that the CRTU was not used to monitor the crossing's warning system for activation failures, information that the CRTU did in fact monitor is relevant and discoverable. Defendant concedes that, in addition to acting as a remote transmitter, the CRTU recorder is wired just like and derives its data from the same sources as the primary Safetran event recorder. Indeed, Defendant admits that the CRTU monitors and records

the same information as the primary event recorder, asserting that "had the CRTU been downloaded after the accident, it would have contained the exact same information as the primary event recorder." Defendant's Response to Plaintiffs' Renewed Motion for Sanctions (d/e 432), p. 7. Clearly, then, the existence of the CRTU at the crossing is relevant to the instant case. Given the circumstances of the case as a whole, the Court finds Defendant's omissions relating to the CRTU in its responses to Requests for Production Nos. 13 and 20 to be material. Defendant fails to offer any justification for the omissions. It is also clear that the omissions compounded the litigation in the instant matter. Sanctions are appropriate, and the Renewed Motion for Sanctions is allowed in part as it relates to this issue.

Plaintiffs further urge the Court to revisit its ruling in Opinion (d/e 263), denying sanctions based on Defendant's response to Request for Production No. 6 based on the fact that the plans produced did not show the existence of the CRTU. See Opinion (d/e 263), p. 5-6. The Court declines to disrupt its prior ruling. Plaintiffs fail to establish that a proper response to Request for Production No. 6 required production of plans showing the existence of the CRTU. Indeed, as Judge Scott ruled in

footnote 3 of Opinion (d/e 352), the crossing warning system was adequate without the CRTU.  Unlike Request for Production No. 20, Request for Production No. 6 did not request the actual plans that were stored at the crossing.  There is no basis for sanctions relating to Defendant's response to Request for Production No. 6.

Exhibit P to the Renewed Motion for Sanctions identifies five additional discovery requests/responses which Plaintiffs assert should have revealed the existence of the CRTU and/or its recording functions.  To the extent Defendant's responses are deficient, the Court finds that Plaintiffs failed to pursue this issue in a timely manner and they have offered no good cause for the delay.  Plaintiffs became aware of the existence of the CRTU in August 2007.  On several occasions after that time, Plaintiffs themselves referred to the CRTU as a recording device.  See, e.g., Motion for Sanctions (d/e 244), p. 4.  At the latest, Plaintiffs were aware of the extent of the CRTU's recording capabilities after they conducted a download of the CRTU at an inspection of the crossing on December 6, 2007.  See Renewed Motion for Sanctions, p. 14.  If, based on this information, Plaintiffs believed that Defendant's discovery responses to the five additional requests were inadequate, they should have pursued the

matter more diligently.  Additionally, fact discovery did not close until March 1, 2008.  Thus, Plaintiffs had the opportunity to explore Defendant's failure to download recorded information from the CRTU while discovery was on-going.

Additionally, Plaintiffs assert that Defendant failed to comply with this Court's Opinion (d/e 118), dated July 21, 2006, compelling Defendant to respond to the Walters' Request to Produce No. 82.  Plaintiffs failed to pursue this issue in a diligent and timely manner and have not demonstrated good cause for the delay.  Thus, the Court will not consider this argument.

Having determined that Plaintiffs' Renewed Motion for Sanctions will be allowed in part, the Court must determine the appropriate sanctions for Defendant's discovery omissions.  Plaintiffs' Prayer for Relief seeks a wide variety of relief.  See Renewed Motion for Sanctions, p. 20-23.  Plaintiffs' request to bar Defendant from introducing electronic data from the primary Safetran recorder board or its Omaha CRTU database as a discovery sanction is denied.  This information was produced in discovery, and Plaintiffs have been granted follow-up discovery to eliminate any prejudice.  Plaintiffs' request to sanction the Defendant by barring it from utilizing new

witnesses or testimony to establish a chain of custody for electronic signal system data is also denied; however, Defendant will, of course, be limited to witnesses that have been disclosed and, consistent with applicable rules of evidence, Plaintiffs may impeach witnesses who offer inconsistent "new" testimony.  This Court will not impose negative inference jury instructions as a discovery sanction; Plaintiffs should submit any proposed jury instructions to Judge Scott at the final pretrial conference. The Court does not find it appropriate to allow Plaintiffs to amend their complaint at this stage of the proceedings, nor will the Court reopen discovery.  Plaintiffs became aware of the CRTU's recording capabilities while written fact discovery was still open.  Additionally, because the parties agree that event recorder data from the CRTU was not downloaded or preserved, additional discovery on the issue would be futile.  Plaintiffs already possess evidence and admissions by Defendant that the CRTU recorded the same type of information as the primary recorder board and that its data was not preserved following the accident.  Defendant's omissions, however, caused Plaintiffs to expend time and resources that could otherwise have been avoided.  The Court finds monetary sanctions to be appropriate.  The Court declines to award Plaintiffs all of their fees and expenses relating to the

original Motion for Sanctions (d/e 244) and the instant Renewed Motion for Sanctions, noting that, in each case, the Plaintiffs recovered only a portion of the relief sought.  Under the circumstances, the Court finds in lieu of an award of attorney's fees and expenses to Plaintiffs, that a monetary sanction against Defendant, in favor of Plaintiffs, in the amount of $10,000.00 is appropriate.  Defendant is directed to tender this amount to the Plaintiffs on or before January 26, 2009.

THEREFORE, for the reasons set forth above, Plaintiffs' Renewed Motion for Sanctions (d/e 427) is ALLOWED, in part, and DENIED, in part, as set forth above.  Defendant is directed to tender sanctions in the amount of $10,000.00 to the Plaintiffs on or before January 26, 2009 for omissions relating to the CRTU.  The Motion is denied in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER:    January 12, 2009

FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE