IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE CIMAGLIA, Special Administrator of the Estate of Jane Ann McGrath, deceased, and Molly Morgan, deceased minor; JON PETERSEN, as next friend of Katie Petersen, a minor; STEVEN M. WALTERS and GAYLA J. WALTERS, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3084 |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiffs' Emergency Motion for Order for Preservation of Evidence and Immediate Production (d/e 462) (Emergency Motion). Plaintiffs also have filed a Motion for Leave to File Proffer Regarding Union Pacific Employees' and Experts' Prior Testimony Claiming "Failsafe" Signal System (d/e 488) (Motion for Leave). For the reasons stated below, the Motion for Leave is allowed and the Emergency

1

Motion is denied.

This case concerns a July 22, 2004, accident in which a Union Pacific freight train collided with a minivan at the Cisco Road crossing in Carlinville, Illinois. On January 15, 2009, another collision occurred at this same crossing. In this 2009 incident, the parties report, an Amtrak train struck a garbage truck. Plaintiffs indicate that at least one eyewitness to the 2009 collision has reported that the lights and signals at the crossing were not functioning at the time. Whether the lights and signals were functioning at the time of the July 22, 2004, occurrence is an issue in the instant case. Plaintiffs ask the Court to order Defendant to preserve and immediately produce any and all evidence regarding the 2009 accident, including electronic copies of the downloads from the three event recorders at the crossing. Plaintiffs argue that evidence of the 2009 accident is relevant in this pending suit to rebut testimony from a defense expert who will testify that the warning system is failsafe, to rebut electronic data from the time of the July 22, 2004, accident that Defendant claims shows no signal failure then, and to establish a routine practice of willful conduct. The Court is not persuaded.

The Illinois Supreme Court has found evidence of subsequent warning

light failures admissible "to rebut the expert testimony of a defense witness who opined that it was impossible for the flasher system to malfunction." Churchill v. Norfolk & Western Railway Co., 383 N.E.2d 929, 936 (Ill. 1978). But here, Defendant indicates that it will not introduce evidence that the system cannot fail, only that it rarely does.[1] Specifically, it asserts that its electronic technician James Frawley will testify that while the warning system is "failsafe," that term of art does not mean that the warning system cannot fail. Sur-Reply in Opposition to Plaintiffs' Emergency Motion for Order for Preservation of Evidence and Immediate Production (d/e 487), at 2. Thus, the situation in Churchill is not present here. Plaintiffs contend that they intend to call to testify a number of Defendant's employees who will say that the warning system could not fail; they then would use evidence of the second accident to rebut that testimony.[2] Plaintiffs essentially plan to inject a strawman into this case simply to bat it down. That is not appropriate and therefore has no impact on the

---

[1] If Defendant, despite its pretrial representations, does offer evidence that the warning system cannot fail, Plaintiffs may ask the Court to revisit its decision on this issue.

[2] Plaintiffs proffer this evidence in their Motion for Leave. Because the Court finds the proffered evidence instructive in deciding the Emergency Motion, the Motion for Leave is allowed.

relevance of the subsequent accident evidence.

Second, evidence from the 2009 accident will not rebut electronic data from the time of the July 22, 2004, accident that Defendant claims shows no signal failure at that time. In <u>Churchill</u>, the Illinois Supreme Court also held: "It is clear that faulty operation on a later date does not tend to prove that the flashers, were malfunctioning on the date in question." <u>Churchill</u>, 383 N.E.2d at 936. Thus, evidence of a failure at the 2009 accident is inadmissible to show that the lights failed at the July 22, 2004, accident; the 2009 incident is not relevant.

Third, evidence from the 2009 accident is not admissible to establish a routine practice of willful conduct at the time of the July 22, 2004, incident. Plaintiffs argue that Defendant has engaged in a routine practice of willfully ignoring system failures. They assert that even after the July 22, 2004, accident, Defendant continued to ignore system failures, which led to the second accident. Yet, to establish willful ignorance in this case, and thus open the door to punitive damages, Plaintiffs must show that Defendant willfully ignored a pattern of failures before the July 22, 2004, accident. Evidence regarding an accident in 2009 would not tend to show willful ignorance before July 22, 2004.

THEREFORE, the Motion for Leave to File Proffer Regarding Union Pacific Employees' and Experts' Prior Testimony Claiming "Failsafe" Signal System (d/e 488) is ALLOWED and the Emergency Motion for Order for Preservation of Evidence and Immediate Production (d/e 462) is DENIED. Because the Court finds no basis exists for introducing evidence from the 2009 occurrence in the pending action, the Court does not deem it appropriate in this case to order the preservation of evidence from the 2009 incident.  This case will proceed to trial as scheduled.

IT IS THEREFORE SO ORDERED.

ENTER:   February 13, 2009

      FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE