IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIE PETERSEN n/k/a ) | | |
| MARIE CIMAGLIA, Administrator ) | | |
| of the Estates of Jane Ann McGrath, ) | | |
| deceased, and Molly Morgan, ) | | |
| deceased, et al., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No.  06-3084 | |
| ) | | |
| UNION PACIFIC RAILROAD ) | | |
| COMPANY, ) | | |
| ) | | |
| Defendant. ) | | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Bill of Costs submitted by Defendant Union Pacific Railroad Company (d/e 536) (Bill of Costs) and the Objection to Imposition of Costs (d/e 539) (Objection) submitted by Plaintiffs Marie Cimaglia, Special Administrator of the Estates of Jane Ann McGrath, deceased, and Molly Morgan, a deceased minor (collectively the Estates); Jon Petersen, as father and next friend of Katie Petersen, a minor; and Steven M. Walters and Gayla J. Walters (collectively the Walters).  For

the following reasons, the Court allows the Bill of Costs in part and denies it in part.

Union Pacific Railroad Company (Union Pacific) seeks the imposition of $32,726.39 in costs on the Plaintiffs. Bill of Costs, at 1. The Plaintiffs argue that no costs should be imposed on them because, they assert, they would be unable to pay. Objection, at 3-4. The Plaintiffs also argue that, even if this Court should decide to require them to pay costs, certain of the costs sought by Union Pacific are not within the definition of costs that may be imposed on a losing party and, thus, these noncomplying costs should not be imposed on them. Id. at 4-7. The Court first finds that the Walters and Katie Petersen are unable to pay the requested costs and concludes that the Estates must pay particular costs sought by Union Pacific.

I.   PLAINTIFFS' ABILITY TO PAY

The Court will not impose costs on the Walters or on Katie Petersen because these Plaintiffs would not be able to pay the requested costs. The Court will impose appropriate costs on the Estates because these Plaintiffs have not met their burden of showing that they are unable to pay.

Federal Rule of Civil Procedure 54(d) provides that costs "should be allowed to the prevailing party" (here Union Pacific). Fed. R. Civ. P.

2

54(d)(1). The language of this rule creates a strong presumption that the prevailing party can recover its costs. Park v. City of Chicago, 297 F.3d 606, 617 (7th Cir. 2002) (quoting Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997)). In the Seventh Circuit, "'[g]enerally, only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs.'" Contreras, 119 F.3d at 1295 (quoting Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988)).

For the Plaintiffs to avoid paying costs to Union Pacific by reason of their alleged inability to pay, they first must provide the Court with documentation sufficient to support a finding that they are incapable of paying costs now and in the future. Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." Id. While the Walters and Katie Petersen have satisfied this burden, the Estates have not.

The Walters have provided this Court with evidence of their income, assets, and expenses. See Affidavit of Income and Expenses, Expenses Assets & Debts (d/e 545) (Walters Affidavit). This evidence establishes that

the Walters currently face expenses much greater than their income. Id. at 2, 5. A large part of the expenses derives from Steven Walters' considerable lifetime healthcare needs, making these expenses unlikely to decrease substantially at any point in the foreseeable future. Id. at 5. At trial, the Court heard testimony indicating that Steven Walters' future earning capacity has been, at the very least, diminished by his injuries, which demonstrates that the Walters' income is unlikely to increase substantially at any point in the foreseeable future. The evidence also indicates that the Walters have no assets substantial enough to pay Union Pacific's costs, and nothing indicates that they are likely to obtain such assets in the future. See id. at 5-8. The evidence provided by the Walters, together with the testimony at trial, is more than sufficient to establish that the Walters are not currently able to pay costs, and that they are unlikely to become able to do so in the future. As such, the Court denies Union Pacific's request for costs from Steven and Gayla Walters.

Katie Petersen also has provided evidence of her income, assets, and expenses. See Affidavit of Katie Petersen (d/e 546) (Petersen Affidavit). This evidence indicates that Ms. Petersen is currently an unemployed full-time college student with no income. Id. at 1. Her only significant asset is

an investment account controlled by her mother that is intended to pay the costs of her education. Id. at 1, 2. Her remaining years of college are likely to drain this account completely. Id. at 1. At trial, the Court heard evidence indicating that Ms. Petersen likely will face substantial lifetime medical care expenses resulting from her injuries and that these injuries may have decreased her future earning capacity. Together, this evidence establishes that Ms. Petersen currently is not able to pay Union Pacific's costs, and she probably will not become able to pay these costs in the future. As such, the Court denies Union Pacific's request for costs from Katie Petersen.

The Estates have failed to meet their burden of showing that they are, and will be, unable to pay Union Pacific's costs. The only evidence the Estates offered of their inability to pay is an Affidavit executed by Marie Cimaglia, the Executor of both Estates. Objection, Exhibit 3, Affidavit of Marie Cimaglia (Cimaglia Affidavit), at 1. Regarding the Estates' ability to pay costs, the Affidavit states only that "[t]he respective Estates of Jane Ann McGrath and Molly Morgan are insolvent." Id. The Estates fail to provide any detailed information concerning their expenses, income, or assets. This failure to account for any assets of the Estates is especially significant in

5

light of Union Pacific's assertion that these Estates were owed a total of $250,000.00 under the terms of a settlement agreement with the Walters' insurance company. <u>Reply to Plaintiffs' Objection to Imposition of Costs (d/e 540) (Reply)</u>, Exhibit A, <u>Plaintiff's Joint Motion for Approval of Settlement and Good Faith Finding & Related Order</u>, at 5, 10. Considering the Estates' failure to account for any assets they may have, they have not established that they are and will continue to be unable to pay Union Pacific's costs. As such, the Court will impose appropriate costs on the Estates.

II.     THE PROPRIETY OF SPECIFIC COSTS

Now that the Court has determined that it is appropriate to impose some costs on the Estates, it must consider which costs should be imposed. For the reasons stated below, the Court concludes that Union Pacific can collect a total of $32,267.04 in costs from the Estates.

Union Pacific is entitled to recover from the Estates the reasonable and necessary costs for:

1.  Fees of the Clerk and Marshal;

2.  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

6

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this Title; and

6. Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1928 of this Title.

28 U.S.C. § 1920; see also Fed. R. Civ. P. 54(d). This is an exhaustive list of the costs courts may tax in favor of a prevailing party. SK Hand Tool Corp. v. Dresser Indus., Inc., 852 F.2d 936, 943 (7th Cir. 1988). This Court must determine, in its discretion, the appropriate amount of costs to be taxed. Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

Union Pacific submitted a Bill of Costs in the sum of $32,726.39. Bill of Costs, at 1. The Plaintiffs have made several objections to this amount.

First, the Plaintiffs object to all but $42.00 of the $5,049.80 in reproduction and copying costs requested by Union Pacific. Objection, at 5. The Plaintiffs argue that because Union Pacific has not specifically identified all of the documents that were copied, Union Pacific has not made a satisfactory showing that these documents were "necessarily obtained for use in the case," as required by Section 1920. Id.; 28 U.S.C.

7

§ 1920. The Plaintiffs misunderstand the required showing. The party seeking copying costs is not required to identify all of the documents copied; rather, that party is "required to provide the best breakdown obtainable from retained records." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). Union Pacific has provided such a breakdown. See Bill of Costs, at 5-7. The Court finds that the reproduction and copying costs sought by Union Pacific are reasonable, so the Plaintiffs' objection is overruled.

Second, the Plaintiffs object to the $99.50 sought by Union Pacific for a second copy of the transcript of the deposition of Mitch Hibschmann. Objection, at 5-6. The Plaintiffs argue that, because Union Pacific already had a copy of this transcript, the second copy was unnecessary. Id. at 6. The Plaintiffs' objection is well-founded. The Bill of Costs indicates that Union Pacific obtained a copy of the Hibschmann deposition transcript months before it got the second copy. Bill of Costs, at 3, 5. Section 1920 only allows the prevailing party to seek costs for deposition transcripts where those transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920. Here, nothing suggests that the second copy of the deposition transcript was necessary. Accordingly, this Court denies Union

Pacific the $99.50 in costs it seeks for the second copy of the Hibschmann deposition transcript.

Third, the Plaintiffs object to the $223.85 sought by Union Pacific for a transcript of the jury selection proceeding on March 6, 2009. <u>Objection</u>, at 6. They argue that this transcript was not necessary. <u>Id.</u> It is not apparent why Union Pacific's attorneys should have needed a transcript of jury selection for use in preparing their case, so the Court will deny the $223.85 in costs.

Fourth, the Plaintiffs object to the $36.00 sought by Union Pacific for "DVD and shipping charges" and the $100.00 sought for "VHS to DVD copying." <u>Id.</u> The Plaintiffs argue, correctly, that these items do not fit any of the categories of taxable costs. <u>Id.</u> Accordingly, the Court denies Union Pacific the $136.00 it seeks for these items.

The Plaintiffs' fifth and final objection is much more general; the Plaintiffs allege that Union Pacific's recovery of costs should be reduced because it engaged in behavior that necessitated the retaking of several depositions and charged for medical records duplicative of items that the Plaintiffs had produced to Union Pacific in discovery. <u>Id.</u> at 6, 7. The Plaintiffs never identify the depositions that had to be retaken or the

allegedly duplicative medical records.  <u>Id.</u>  The Plaintiffs appear to argue, essentially, that Union Pacific ran up its costs unnecessarily, and that the Court should make a detailed examination of the record in search of unnecessary costs, which then should be denied.  The Plaintiffs' argument fails for two reasons: first, it is not clear that Union Pacific would have sought to increase its costs unnecessarily without knowing that it would prevail at trial.  Union Pacific's desire to protect its own bottom line should have pushed it to avoid costs where possible.  Second, it is not the Court's job to pore through the voluminous record in this case in search of unnecessary costs.  As the Seventh Circuit recently stated in response to a similar argument, "painstaking judicial inspection of fee claims (and equally cost claims) is unnecessary when there is a market constraint on running up excessive expenses." <u>Anderson v. Griffin</u>, 397 F.3d 515, 522 (7th Cir. 2005).  The objection is overruled.

      The Plaintiffs offer no further objections to Union Pacific's Bill of Costs.  The Court finds that the other costs requested by Union Pacific are reasonable and necessary.  Of the $32,726.39 sought by Union Pacific, the Court denies a total of $459.35 for the reasons described above.  This leaves a total of $32,267.04 to be taxed against the Estates.

THEREFORE, the Bill of Costs submitted by Union Pacific Railroad Company (d/e 536) is ALLOWED in part and DENIED in part, and the Objection to Imposition of Costs (d/e 539) is SUSTAINED in part and OVERRULED in part. The Court orders costs in the sum of $32,267.04 in favor of Union Pacific Railroad Company and against the Estates of Jane Ann McGrath, deceased, and Molly Morgan, a deceased minor. The Estates are to be jointly and severally liable for the full amount of $32,267.04. The Court orders that no costs be imposed against Plaintiffs Steven M. Walters, Gayla J. Walters, or Katie Petersen.

IT IS THEREFORE SO ORDERED.

ENTER: July 17, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
    JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE